## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

**HUMAN RIGHTS DEFENSE CENTER,**

          **Plaintiff,**

**v.**

**MICHELLE LUJAN GRISHAM,**
individually and in her capacity as Governor of
the State of New Mexico; **ALISHA TAFOYA LUCERO,**
individually and in her capacity as
Cabinet Secretary of the New Mexico
Corrections Department; **MELANIE
MARTINEZ,** individually and in her capacity
as Deputy Secretary of the New Mexico
Corrections Department; **GARY MACIEL,**
individually and in his capacity as Deputy
Secretary of the New Mexico Correction
Department; **BRIAN R. EVANS**, individually
and in his capacity as Chief Executive Officer
of The GEO Group, Inc.; **WAYNE H.
CALABRESE**, individually and in his capacity
as President and Chief Operating Officer of The
GEO Group, Inc.; **THE GEO GROUP, INC.
d/b/a LEA COUNTY CORRECTIONAL
FACILITY,** a corporation**; JOHN AND JANE
DOES 1-20,** individually and in their official
capacities; and **ENTITIES 1-10,**

          **Defendants.**

## DEFENDANT GOVERNOR MICHELLE LUJAN GRISHAM'S
## MOTION TO DISMISS PLAINTIFF'S CLAIMS

    Defendant Michelle Lujan Grisham (hereinafter "Defendant Grisham"), by and through

her counsel of record, **CARRILLO LAW FIRM, P.C.** (Raúl A. Carrillo, Jr.)  submits this

Motion to Dismiss Plaintiff's Claims against her in her individual and official capacities. In

support of this motion Defendant Grisham states as follows:

## INTRODUCTION

Plaintiff alleges that the actions, conduct, and policies of the Defendants have violated the Plaintiff's rights to communicate with incarcerated persons under the First Amendment. Plaintiff also alleges that the Defendants have violated their Fourteenth Amendment Right under the Due Process Clause to receive notice of and an opportunity to oppose Defendants' decisions to prevent the distribution of the Plaintiff's publications. Plaintiff further alleges that the Defendants have failed to provide notice of the censorship of Plaintiff's publications and have not provided them an opportunity to oppose their decision. Plaintiff alleges that they were damaged by the actions and policies of the Defendant and are seeking a preliminary and permanent injunction to prevent Defendants from continuing to censor or refuse to distribute the Plaintiff's publications.

As pled, the Complaint does not provide for a cause of action against Governor Grisham individually or in her official role, as the Plaintiff has not specifically pled that Defendant Grisham herself committed any act or omission which deprived the Plaintiff of a constitutional right. Rather, Plaintiff has included the Governor simply because she holds a supervisory role over the New Mexico Department of Corrections and has a general duty to enforce the laws of the State. Controlling case law holds the Governor cannot be held liable in a civil rights action based merely on a supervisory role, and any plaintiff must plead specific acts or omissions which the individual committed which deprived them of a constitutionally guaranteed right – none of which has been done in the extant Complaint.

## CASE HISTORY

1. These claims were brought before the Court on the Plaintiff's filing of its *Complaint for Declaratory and Injunctive Relief and Damages under the Federal Civil Rights Act, 42 U.S.C. §198* on October 25, 2024. *See, Complaint [Doc. 1].*

2.  Plaintiff served the Complaint [Doc. 1] on Defendant Grisham on October 29, 2024. *See, Summons Return [Doc. 7].*

3. Defendant did not engage undersigned counsel until November 12, 2024 and on November 22, 2024 the State Defendants filed their Motion requesting an extension of time to answer until December 12, 2024. *See, Motion for Extension [Doc. 12].*

4. This Motion was granted on or about November 13, 2024. *See, Order Granting Motion for Extension of Time [Doc. 14].*

5. A subsequent extension was granted through and including December 20, 2024. *See, [Doc. 25].*

## STATEMENT OF ALLEGATIONS IN THE PLAINTIFF'S COMPLAINT

1. As set forth below, a review of the operative complaint, in its entirety, reveals no allegation that Defendant Grisham, in either her individual or official capacities, took any direct action against the Plaintiff.  The operative complaint does not allege any act by Defendant Grisham specifically caused damages. Plaintiff alleges that Defendant Grisham is liable for the acts and omissions of others employed by the State because of her supervisory role as Governor. *See, Complaint [Doc. 1] generally.*

2. Plaintiff seeks redress for alleged civil rights violations committed by the Defendants and brings this action under 42 U.S.C. §1983. *See, Complaint [Doc. 1] ¶2.*

3. Plaintiff alleges that Defendant Grisham is obligated under state law to supervise official conduct of all executive branch officers and to see that all offices are filled and their duties lawfully performed. *See, Complaint [Doc. 1] ¶9.*

4. Plaintiff alleges that at all times material to this action, all Defendants were acting within the course and scope of their employment as agents and/or employees of the State of New Mexico. *See, Complaint [Doc. 1] ¶19.*

5. Plaintiff alleges that its mission is public education, advocacy, and outreach for the purpose of assisting incarcerated persons with seeking legal redress for alleged infringements of their constitutionally guaranteed human rights. *See, Complaint [Doc. 1] ¶20.*

6. In order to accomplish this mission, the Plaintiff publishes and distributes material containing news and analysis which may be of interest or assistance to incarcerated persons. Plaintiff alleges that these materials contain certain political speech and social commentary and are therefore protected under the Plaintiff's First Amendment Right. *See, Complaint [Doc. 1] ¶21*

7. Plaintiff alleges that it publishes and/or distributes a number of publications in the national carceral system including *Prison Legal News: Dedicated to Protecting Human Rights ("Prison Legal News"); Criminal Legal News: Dedicated to Protecting Human Rights ("Criminal Legal News"); The PLRA Handbook; Protecting Your Health and Safety ("PYHS"); and Annual Report. See, Complaint [Doc. 1] ¶23 - 26.*

8. Plaintiff further alleges that it communicates with incarcerated person through the United States Postal Service ("USPS") by sending letters, including subscription letters, to incarcerated persons. *See, Complaint [Doc. 1] ¶27.*

9. Plaintiff alleges that it has, since its inception, mailed copies of books and publications to hundreds of persons incarcerated in State of New Mexico facilities administered by the New Mexico Department of Corrections. *See, Complaint [Doc. 1] ¶28.*

10. Plaintiff now brings a claim for violation of civil rights arguing that the NMCD's mail handling policies listed under NMCD 15-1200 is unconstitutional on its face because it is overly broad and unduly vague to the point that the Plaintiff as a sender of publications is unable to determine what may or may not be sent. *See, Complaint [Doc. 1] ¶32 – 33.*

11. Plaintiff further alleges the current policy, which requires an inmate be notified when his publication is not delivered, does not include a provision for notice to the sender that the publication will not be provided, and does not provide for an appeal procedure on the part of the sender. *See, Complaint [Doc. 1] ¶34 – 35.*

12. Plaintiff alleges that since at least March 2022 to the present, Defendants have been censoring books, magazines, and other correspondence mailed by Plaintiff to incarcerated persons in the custody of the Defendant's prisons. *See, Complaint [Doc. 1] ¶38.*

13. Plaintiff provides this specific list of materials it alleges were censored or otherwise not delivered in this time frame, "This includes at least seventy-three (73) issues of Prison Legal News, forty-eight (48) issues of Criminal Legal News, twenty (20) copies of the book PYHS, nine (9) copies of HRDC's Annual Reports, one (1) copy of the book The PLRA Handbook, and one (1) renewal letter sent to a subscriber." *See, Complaint [Doc. 1] ¶39.*

14. Plaintiff alleges that it also has evidence that further materials and correspondence were not being delivered appropriately or were otherwise censored prior to delivery to the intended incarcerated recipient. *See, Complaint [Doc. 1] ¶40.*

15. Plaintiff claims that on December 15, 2022 it received a letter on NMCD letterhead signed by the "staff at the Penitentiary of New Mexico Mailroom" allegedly stating that inmates at the Penitentiary were not allowed to receive publications. *See, Complaint [Doc. 1] ¶45.*

16. Plaintiff alleges that it was not provided notice of this censorship and was not provided an opportunity to appeal the decision. *See, Complaint [Doc. 1] ¶46.*

17. Plaintiff alleges that the Defendants action in returning items and marking them as non-deliverable for various reasons which it alleges are not clear or supportable is a violation of its First Amendment Right to free speech and expression and the failure to provide notice and an adequate appeals process are a violation of its Fourteenth Amendment Right to due process. *See, Complaint [Doc. 1] generally.*

## <u>STANDARD OF REVIEW</u>

"In reviewing a motion to dismiss, "all well-pleaded factual allegations in the ... complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Moore v. Guthrie,* 438 F.3d 1036, 1039 (10th Cir.2006) (quotation omitted)." *See, Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and

plausibility of entitlement to relief." *See, Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc*., 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, *see 5 C. Wright & A. Miller, Federal Practice and Procedure* § 1216, pp. 235–236 (3d ed.2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")." *See, Bell A. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## ARGUMENT

Plaintiff generally argues that Defendant Grisham is liable because she has a supervisory role over the other Defendants. However, this is not sufficient to establish a cause of action against her in either her official or individual capacities.

In order to survive a motion to dismiss the Plaintiff must properly plead its claims so as to establish "facial plausibility," "As the Court held in *Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id*., at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic

recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955." *See, Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, Plaintiff has provided very little to no factual support for its allegations against Defendant Grisham. In fact, the Complaint does not causally link Defendant Grisham to any action or inaction undertaken against the Plaintiff, it merely states that she has a supervisory role over other Defendants. *See, Complaint [Doc. 1] ¶9.*

Established federal precedent holds that only a person who subjects or causes another person to be subjected to a deprivation of their federal rights may be held liable under the language of 42 U.S.C. §1983.

> In the second part of the opinion, we recognized a limitation on this liability and concluded that a municipality cannot be made liable by application of the doctrine of *respondeat superior*. *See Monell*, 436 U.S., at 691, 98 S.Ct., at 2036. In part, this conclusion rested upon the language of §1983, which imposes liability only on a person who "subjects, or causes to be subjected," any individual to a deprivation of federal rights; we noted that this language "cannot easily be read to impose liability vicariously on government bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor." *Id.*, at 692, 98 S.Ct., at 2036. Primarily, however, our conclusion rested upon the legislative history, which disclosed that, while Congress never questioned its power to impose civil liability on municipalities for their own illegal acts, Congress did doubt its constitutional power to impose such liability in order to oblige municipalities to control the conduct of others. *Id.*, at 665–683, 98 S.Ct., at 2022–2032.7 We found that, because of these doubts, Congress chose not to create such obligations in §1983. Recognizing that this would be the effect of a federal law of *respondeat superior*, we concluded that §1983 could not be interpreted to incorporate doctrines of vicarious liability. *Id.*, at 692–694, and n. 57, 98 S.Ct., at 2036–2037, and n. 57.

*See, Pembaur v. City of Cincinnati*, 475 U.S. 469, 478–79 (1986).

In order for a Plaintiff to properly allege a claim of supervisory liability under 42 U.S.C. §1983, Plaintiff must meet a greater standard than merely holding a supervisory position. The Plaintiff must show that the defendant "'authorized, approved, or knowingly acquiesced in the

unconstitutional conduct…. of his subordinates through the execution of his job functions.'
*Crawford v. Tilley,* 15 F.4th 752, 761 (6th Cir. 2021) (quoting *Peatross v. City of Memphis*, 818
F.3d 233, 242 (6th Cir. 2016))." *See, Does v. Whitmer*, 69 F.4th 300, 306 (6th Cir. 2023). A
government official may only be held liable for their own actions and misconduct and is not
liable for the actions of their subordinates, "Each government official is liable only for her own
misconduct, not for that of her subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S.Ct.
1937, 173 L.Ed.2d 868 (2009); *Crawford*, 15 F.4th at 761. To survive a motion to dismiss, a
plaintiff must plausibly allege "active unconstitutional behavior," which goes beyond "a mere
failure to act."  *Crawford*, 15 F.4th at 761 (quoting *Peatross*, 818 F.3d at 241)" *See, Does v.
Whitmer,* 69 F.4th 300, 306–07 (6th Cir. 2023) and, "Based on the rules our precedents establish,
respondent correctly concedes that Government officials may not be held liable for the
unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *Iqbal* Brief
46 ("[I]t is undisputed that supervisory Bivens liability cannot be established solely on a theory
of *respondeat superior* "). *See Monell v. New York City Dept. of Social Servs.,* 436 U.S. 658,
691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (finding no vicarious liability for a municipal
"person" under 42 U.S.C. § 1983)." *See, Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Because
vicarious liability is not applicable to §1983 cases, the Plaintiff must plead that each
Government-official defendant violated the Constitution through their own actions.

Further, the Plaintiff cannot establish liability simply based on the argument that the
Governor has a general duty to make policy recommendations or generally uphold state law.
"Plaintiffs cannot maintain their claims against Governor Johnson if his powers over waiver
services are limited to general budget and policy recommendations. *See L.A. Branch NAACP v.
L.A. Unified School Dist.,* 714 F.2d 946, 953 (9th Cir.1983) ("the Governor's general duty to

enforce California law ... does not establish the requisite connection between him and the unconstitutional acts alleged").” *See, Lewis v. New Mexico Dept. of Health*, 94 F. Supp. 2d 1217, 1240 (D.N.M. 2000), aff'd, 261 F.3d 970 (10th Cir. 2001). The Plaintiff must plead specific actions undertaken by Defendant Grisham which were unconstitutional in order to maintain its cause against her.

Plaintiff's only allegation relevant to Defendant Grisham is that she is the Governor of the State of New Mexico and the Chief Executive of the state Government. *See, Complaint [Doc. 1] ¶9.* Plaintiff alleges that as the Governor and Chief Executive Defendant Grisham is obligated under state law to “*supervise* the official conduct of all executive branch officers and to see that all offices are filled and their duties lawfully performed.” (emphasis added) *See, id.* Plaintiff further claims that Defendant Grisham retains ultimate authority over the management and operations of NMCD facilities because she has the authority to terminate subordinate officers. *See, id.* These are the only allegations contained in the Complaint against Defendant Grisham.

Nevertheless, acting upon the slim to nonexistent, and nonspecific, factual precedent, the Plaintiff claims that the Governor has directly violated its civil rights by virtue of being a supervisor to other employees. Plaintiff's allegations center around Defendant Grisham's role as governor, rather than any individual action which she undertook. Defendant Grisham in her official capacity cannot be held liable to the alleged unconstitutional conduct of her subordinated under a theory of *respondeat superior*.

## **CONCLUSION**

WHEREFORE Defendant Grisham respectfully moves this Court for an Order Dismissing Plaintiff's claims against her with prejudice and dismissing her as a party in this matter, and for any other relief the Court deems just and reasonable.

Respectfully submitted,

**CARRILLO LAW FIRM, P.C.**

*/s/ Raúl A. Carrillo, Jr.*
Raúl A. Carrillo, Jr., Bar No. 5600
P.O. Box 457
Las Cruces, NM 88004
(575) 647-3200
(575) 647-1436 (fax)
raul@carrillolaw.org
*Attorneys for State Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY, that on the 20th of December, 2024, a copy of the foregoing document was sent via the federal CM/ECF filing system to the following:

ROSEN BIEN GALVAN & GRUNFELD, LLP
Ernest Galvan, Cal Bar No. 196065
Marc. J. Shinn-Krantz, Cal. Bar No. 312968
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
(415) 433-6830
(415) 433-7104 (fax)

HUMAN RIGHTS DEFENSE CENTER
Jonathan P. Picard, Fla. Bar No. 105477
P.O. Box 1151
Lake Worth, Florida 33460
(561) 360-2523
(561) 828-8166 (fax)

IVES & FLORES, P.A.
Laura Schauer Ives, SB#12463
Adam C. Flores, SB #146686
925 Luna Circle NW
Albuquerque, NM 87102
(505) 364-3858
(505) 364-3050 (fax)

*/s/ Raúl A. Carrillo, Jr.*
Raúl A. Carrillo, Jr.