IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HUMAN RIGHTS DEFENSE CENTER,

    Plaintiff,

vs.                                                                     No. 1:24-cv-01091-JMR-KRS

MICHELLE LUJAN GRISHAM,
individually and in her capacity as Governor
of the State of New Mexico; ALISHA
TAFOYA LUCERO, individually and in
her capacity as Cabinet Secretary of the
New Mexico Corrections Department;
MELANIE MARTINEZ, individually and
in her capacity as Deputy Secretary of the
New Mexico Corrections Department;
GARY MACIEL, individually and in his
capacity as Deputy Secretary of the
New Mexico Corrections Department;
BRIAN R. EVANS, individually and in
his capacity as Chief Executive Officer of
The GEO Group, Inc.; WAYNE H. CALABRESE,
individually and in his capacity as President and
Chief Operating Officer of The GEO Group, Inc.;
THE GEO GROUP, INC. d/b/a LEA COUNTY
CORRECTIONAL FACILITY, a corporation;
JOHN AND JANE DOES 1-20, individually and
in their official capacities; and ENTITIES 1-10,

    Defendants.

**DEFENDANTS BRIAN R. EVANS AND WAYNE H. CALABRESE'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND
MEMORANDUM OF LAW IN SUPPORT**

Pursuant to Fed.R.Civ.P. 12(b)(2), Defendants Brian R. Evans and Wayne H. Calabrese, by and through their attorneys of record, YLAW, P.C. (Michael S. Jahner), hereby move to dismiss the Complaint for lack of personal jurisdiction. As grounds for their Motion, Defendants Evans and Calabrese state as follows.

I.    **Background and Introduction**

Plaintiff Human Rights Defense Center ("HRDC"), a foreign not-for-profit organization, publishes and distributes various books, magazines, and other materials concerning prisons and the rights of incarcerated persons. (Complaint [doc. 1] at ¶ 8.). HRDC sends publications through the mail to prisoners. (*Id*. ¶ 22). The New Mexico Corrections Department ("NMCD") has adopted policies and procedures that govern inmate correspondence and mail. (*Id*. ¶¶ 29-31). HRDC contends NMCD's mail policy is unconstitutional for a wide variety of reasons, including that it is overly broad and/or too vague for a sender to understand what is prohibited and what is permissible, that it does not clearly provide any requirements for notifying senders that their publications have been censored, and that it lacks a mechanism by which senders may contest the rejection of a publication. (*Id*. at ¶¶ 32-37).

HRDC filed suit on October 25, 2024, asserting claims pursuant to 42 U.S.C. § 1983 for violation of the First Amendment (Free Speech) and Fourteenth Amendment (Due Process) against Governor Michelle Lujan Grisham, NMCD Secretary Alisha Tafoya Lucero, NMCD Deputy Secretary Melanie Martinez, and NMCD Deputy Secretary Gary Maciel. (*See generally, id*.). HRDC has also asserted these claims against The GEO Group, Inc. ("GEO"), GEO's Chief Executive Officer and GEO's President and Chief Operating Officer.

GEO is a foreign for-profit corporation organized under the laws of the State of Florida with its principal place of business in the State of Florida. (Ex. A, Affidavit of Brian Evans, at pgh. 2; Ex. B, Affidavit of Wayne Calabrese, at pgh. 2). GEO plays a very limited role in housing NMCD's inmate population. There are ten (10) adult correctional facilities in the State of New Mexico. (Complaint [doc. 1] at ¶ 10). GEO is involved in the operation of only one of those ten facilities: the Lea County Correctional Facility ("LCCF") in Hobbs. (Ex. A to GEO's Response in

Opposition to Plaintiff's Motion for Preliminary Injunction [doc. 19-1] at pp. 1-2). GEO does not contract directly with NMCD but is nevertheless contractually obligated to adhere to NMCD's policies and procedures, including its policies and procedures governing inmate correspondence and mail. (*Id*.). GEO's employees at LCCF are, accordingly, required to follow NMCD's mail and correspondence policies. (*Id*.; Ex. D to GEO's Response in Opposition to Plaintiff's Motion for Preliminary Injunction [doc. 19-4] at pp. 1-2). They are not permitted to deviate from those policies. (*Id*.).

HRDC has named GEO's Chief Executive Officer and Chief Operating Officer as parties-Defendants in this case for no discernible or legitimate reason. Mr. Evans and Mr. Calabrese lack the requisite minimum contacts with New Mexico, and the Court cannot exercise personal jurisdiction over them without offending traditional notions of fair play and justice. Based on the foregoing, and as discussed further herein, this Court should dismiss HRDC's Complaint as against Mr. Evans and Mr. Calabrese.[1]

## II.    Applicable Legal Standard

A motion under Federal Rule of Civil Procedure 12(b)(2) challenges the existence of personal jurisdiction. "Where a defendant raises a timely challenge contesting personal jurisdiction, the plaintiff bears the burden of establishing that there is personal jurisdiction over the defendant and that the exercise of personal jurisdiction would not violate due-process requirements." *Resource Assoc., Grant Writing & Eval. Servs. v. Southampton Union Free Sch. Dist.*, 193 F. Supp. 3d 1200, 1219 (D.N.M. 2016). The court takes as true "all well-pled (that is, plausible, non-conclusory, and non-speculative) facts" alleged in the complaint, unless they are contested by affidavit or other written materials. *Dudnikov v. Chalk & Vermilion Fine Arts*, 514 F.3d 1063, 1070 (10th Cir. 2008); *Schrader v. Biddinger*, 633 F.3d 1235, 1248 (10th Cir. 2011)

---

[1] HRDC opposes the relief sought in the Motion. *See* D.N.M.LR-Civ. 7.1(a).

("[E]ven well-pleaded jurisdictional allegations are not accepted as true once they are controverted by affidavit," which may in turn be contradicted by "specific averments, verified allegations, or other evidence sufficient to create a genuine issue of fact."). "When . . . a defendant presents credible evidence through affidavits or other materials suggesting the lack of personal jurisdiction, the plaintiff must come forward with sufficient evidence to create a genuine dispute of material fact on the issue." *Clark v. Meijer, Inc.*, 376 F. Supp. 2d 1077, 1082 (D.N.M. 2004).

In a federal-question case like this one, personal jurisdiction over a defendant turns on two questions: "(1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with [constitutional] due process." *Klein v. Cornelius*, 786 F.3d 1310, 1317 (10th Cir. 2015) (quoting *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000)). The applicable statute here, 42 U.S.C. § 1983, does not include any provisions for service of process. *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006). Thus, Federal Rule of Civil Procedure 4(k)(1)(A) directs the court "to apply the law of the state in which the district court sits." *Id*. ("Because 42 U.S.C. § 1983 does not, by itself, confer nationwide service of process or jurisdiction upon federal district courts to adjudicate claims, Fed. R. Civ. P. 4(k)(1)(A) refers us to the New Mexico long-arm statute, which is coextensive with constitutional limitations imposed by the Due Process Clause.").

New Mexico's long-arm statute "extends the jurisdictional reach of New Mexico courts as far as constitutionally permissible." *Tercero v. Roman Catholic Diocese*, 2002-NMSC-018, ¶ 6, 132 N.M. 312, 48 P.3d 50; NMSA 1978, § 38-1-16. Therefore, the statutory inquiry collapses into the constitutional analysis, *Anzures v. Flagship Rest. Grp.*, 819 F.3d 1277, 1279 (10th Cir. 2016),

and the Court "need not conduct a statutory analysis apart from the due process analysis." *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011) (internal quotation marks omitted).

"The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant 'so long as there exist minimum contacts between the defendant and the forum State.'" *Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000) (quoting *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 291 (1980)). Additionally, the due process analysis requires the court to ensure that that exercise of jurisdiction over a defendant "does not offend 'traditional notions of fair play and substantial justice.'" *Marcus Food Co.*, 671 F.3d at 1167 (quoting *World-Wide Volkswagon Corp*, 444 U.S. at 292).

The "minimum contacts" standard may be met by establishing general or specific jurisdiction. *Intercon*, 205 F.3d at 1247. General jurisdiction requires "affiliations with the State [that] are so 'continuous and systematic' as to render [the defendant] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014); *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 904 (10th Cir. 2017) ("Because general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's continuous and systematic general business contacts.").

"Specific jurisdiction, on the other hand, is premised on something of a *quid pro quo*: in exchange for 'benefitting' from some purposive conduct directed at the forum state, a party is deemed to consent to the exercise of jurisdiction for claims related to those contacts." *Dudnikov*, 514 F.3d at 1078. Specific jurisdiction is established if (1) the defendant purposefully directed its activities at residents of the forum state, and (2) the plaintiff's injuries arise out of the defendant's forum-related activities. *Old Republic Ins. Co.*, 877 F.3d at 904.

As to traditional notions of fair play and substantial justice, the Court must consider (1) the burden on the defendant, (2) the forum state's interests in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effectual relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental social policies. *Marcus Food Co.*, 671 F.3d at 1167.

### III. Argument and Authority

The question for this Court in assessing this Motion is whether due process is offended by the exercise of jurisdiction over two high-ranking corporate officers who have no personal ties to the State of New Mexico. *See Zavala v. El Paso Cnty. Hosp. Dist.*, 2007-NMCA-149, ¶ 10, 172 P.3d 173, 178 (court focuses on "whether [defendants] had the requisite minimum contacts with New Mexico to satisfy due process."); *see also M.R. v. SereniCare Funeral Home, L.L.C.*, 2013-NMCA-022, ¶ 8, 296 P.3d 492 (court "undertake[s] a single search for the outer limits of what due process permits.") (citation and internal quotes omitted). Because GEO's corporate officers lack sufficient minimum contacts with New Mexico and because the exercise of jurisdiction offends traditional notions of fair play and justice, the Motion to Dismiss should be granted.

A. <u>GEO's Corporate Executives Lack Minimum Contacts with New Mexico.</u>

GEO is a private, for-profit corporation incorporated under the laws of the State of Florida and with its principal place of business in Boca Raton, Florida. (Ex. A, Affidavit of Brian Evans, at pgh 2). When the Complaint was filed, Bryan Evans was the Chief Executive Officer of GEO. (Complaint [doc. 1] at ¶ 14). Wayne Calabrese is the President and Chief Operating Officer of GEO. (*Id*. ¶ 15). Mr. Evans and Mr. Calabrese (hereinafter the "GEO Officers") were served via first class United States Postal Service mail at GEO's corporate offices located at 4955 Technology Way, Boca Raton, Florida on December 4, 2024. (Returns of Service [docs. 21, 22]).

To establish general jurisdiction over the GEO Officers, HRDC must show that their presence in New Mexico is so "continuous and systematic" that they are essentially "at home" in New Mexico. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *See Daimler AG*, 571 U.S. at 137 (internal quotation marks and citation omitted)). "[A] person acquires domicile in a state when the person resides there and intends to remain there indefinitely." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) "Domicile is not necessarily synonymous with residence, and one can reside in one place but be domiciled in another. For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 48 (1989) (internal quotations and citations omitted).

The GEO Officers are domiciled in Florida; both of them live in the State of Florida. (Ex. A, pgh. 4; Ex. B, pgh. 4). Neither of the GEO Officers lives in New Mexico or plans to relocate to New Mexico. (Ex. A, pgh. 5; Ex. B, pgh. 5). Neither of the GEO Officers works in New Mexico. (Ex. A, pgh. 6; Ex. B, pgh. 6). Neither of the GEO Officers owns any property in New Mexico, owns any businesses organized in New Mexico or travels regularly to New Mexico. (Ex. A, pghs. 7-9; Ex. B, pghs. 7-9). The GEO Officers clearly lack "affiliations with the State [that] are so 'continuous and systematic' as to render [the defendant] essentially at home in the forum State." *Daimler AG*, 571 U.S. at 139. Thus, there is no basis for the exercise of general jurisdiction over them.

Specific jurisdiction focuses on "the relationship among the defendant, the forum, and the litigation …." *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977). HRDC must demonstrate that the GEO Officers "purposely established contact with New Mexico" and that its "cause of action arose out of those contacts with New Mexico." *Trei*, 2014-NMCA-104, ¶ 6, 336 P.3d at 395. It must also be

"defendant's activities which must provide the basis for personal jurisdiction, not the acts of other defendants or third parties." *Visarraga v. Gates Rubber Co.*, 1986-NMCA-021, ¶ 15, 717 P.2d 596.

Neither of the GEO Officers has purposefully established contact with New Mexico. The Complaint alleges, in a cursory fashion, that the GEO Officers were "policymaker[s] for Defendant GEO with respect to the operation of the LCCF, including for policies, practices and customers governing incoming mail for incarcerated persons." (Complaint [doc. 1] at ¶¶ 14, 15). However, the GEO Officers in fact played no role in drafting, creating or implementing the mail and correspondence policies that form the basis for the Complaint. (Ex. A, pghs. 11-12; Ex. B, pghs. 11-12). Those policies were drafted by NMCD and implemented by others. The mere fact that the corporation for which the GEO Officers work contracts with a New Mexico county to provide certain services at a correctional facility in New Mexico is insufficient to establish specific jurisdiction over the GEO Officers.

The GEO Officers lack minimum contacts with the State of New Mexico that would warrant the exercise of jurisdiction over them. For this reason alone, the Motion to Dismiss should be granted.

> B. <u>The Exercise of Personal Jurisdiction Over the GEO Officers Offends Traditional Notions of Fair Play and Substantial Justice.</u>

Because the GEO Officers lack minimum contacts with the State of New Mexico, the Court need not address whether exercising jurisdiction over them offends traditional notions of fair play and substantial justice. *Eighteen Seventy, LP v. Jayson*, 32 F.4th 956, 965 (10th Cir. 2022) ("Here, because we ultimately conclude that Mr. Jayson does not have the minimum contacts necessary to support the exercise of specific jurisdiction over him in Wyoming, we need not determine whether the exercise of personal jurisdiction over Mr. Jayson would 'offend traditional notions of fair play

and substantial justice'"). Should the Court elect to proceed, however, it is apparent the GEO Officers' liberty interests would be infringed if the Court were to exercise personal jurisdiction over them in this litigation.

The Court must consider (1) the burden on the defendant, (2) the forum state's interests in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effectual relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental social policies. *Marcus Food Co.*, 671 F.3d at 1167. The burden associated with the GEO Officers' participation in this litigation is significant. The distance between New Mexico and Florida is vast. Certainly, New Mexico has an interest in ensuring that inmates housed in its custody are not subjected to unconstitutional policies. However, HRDC cannot obtain effectual or convenient relief from the GEO Officers. Quite to the contrary, HRDC's claims against the GEO Officers, whether in their individual or official capacities, serve only to impede the litigation of their substantive claim and will require unnecessary motions practices as those claims are subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

Regarding the official capacity claims, HRDC has also sued GEO. Suing an individual in his official capacity is merely another way of suing the entity by which the individual is employed. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 690 n. 55 (1978). "[W]here 'a plaintiff chooses to sue both the municipality and the municipal officials in their official capacities, courts routinely dismiss the official capacity claims as redundant.'" *Doe v. Farmington Mun. Sch.*, 2022 WL 9956170, at *1 (D.N.M. Oct. 17, 2022) (quoting *Buck v. City of Albuquerque*, 2006 WL 8443817, at *2 (D.N.M. Aug. 8, 2006) and listing cases). HRDC's claims against the GEO Officers in their official capacities are duplicative

of its claims against GEO, are redundant and, ultimately, unnecessary. *Vondrak v. City of Las Cruces*, 2009 WL 1300945 at *2, n.1 (D.N.M. Mar. 30, 2009) (stating that a § 1983 claim "lies against either a municipality or the officers in their individual capacity – not against both the municipality and the officers in their official capacity"); *Stump v. Gates*, 777 F.Supp. 808, 816 n.3 (D. Colo. 1991) ("Naming either is sufficient. Naming both is redundant."). Thus, HRDC can attain efficient and effective relief (if it is entitled to it) without requiring the Court to exercise jurisdiction over the residents of another state.

Regarding the individual capacity claims against the GEO Officers, the Complaint contains insufficient allegations of personal involvement to state a claim for relief. To survive dismissal under Rule 12(b)(6), a complaint must contain sufficient allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)(citing *Twombly*, 550 U.S. at 556).

Section 1983 does not authorize a court to impose liability against any state actor under a theory of *respondeat superior*. *Iqbal*, 556 U.S. at 676. "In a § 1983 suit . . . the term 'supervisory liability' is a misnomer" because each official "is only liable for his or her own misconduct." *Id.* at 677. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* at 676.

The Complaint pleads only that the GEO Officers were "policymakers" for GEO with respect to the operation of the LCCF. (Complaint [doc. 1] at ¶¶ 14, 15). This allegation is speculative and conclusory. As established by the attached affidavits and the evidence and

10

argument and authorities set forth in GEO's Response in Opposition to Plaintiff's Motion for Preliminary Injunction, the GEO Officers had nothing to do with the challenged policies. Per the GEO Officers' respective affidavits (Ex. A and Ex. B hereto), the GEO Officers are high level corporate executives. They did not draft the policy at issue nor did they have any personal involvement whatsoever in implementing it or applying it at the facility level. The GEO Officers did not handle any of the thirteen (13) publications identified in HRDC's Complaint as having been improperly rejected at LCCF. They did not instruct any employee to reject any of those publications. They do not supervise the employees who may have rejected any of these publications. Since GEO did not create and has no responsibility for the creation of the challenged NMCD policies, its high-ranking executives certainly had no involvement in these matters. Thus, HRDC has not pled, and cannot establish, that the GEO Officers, through their own individual actions, violated the Constitution.

Litigation of HRDC's claims against the GEO Officers serves to delay the resolution of the dispute at the core of their Complaint: whether NMCD's mail and correspondence policies are unconstitutional. That core dispute is more efficiently and effectively resolved without the GEO Officers' involvement. Here again, HRDC can attain efficient and effective relief (if it is entitled to it) without requiring the Court to exercise jurisdiction over the residents of another state. The Court should decline to exercise jurisdiction over the persons of Brian Evans and Wayne Calabrese and should dismiss all claims against them.

WHERFORE Defendants Brian Evans and Wayne Calabrese respectfully request the Court enter an Order granting their Motion to Dismiss for Lack of Personal Jurisdiction, dismissing all claims and causes of action asserted against them herein, amending the caption to remove all

reference to them as parties-Defendants in this action, and awarding any such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        YLAW, P.C.

        ***Michael S. Jahner***
        Michael S. Jahner
        *Attorneys for Defendants The GEO Group, Inc.,*
        *Brian Evans and Wayne Calabrese*
        4908 Alameda Blvd., NE
        Albuquerque, NM  87113
        (505) 266-3995
        mjahner@ylawfirm.com

**I HEREBY CERTIFY** that on the 10th day of January 2025, I caused the foregoing to be filed through the CM/ECF filing system, which caused all the parties to be served electronically by and through their respective counsel of record herein.

*/s/ Michael S. Jahner*
Michael S. Jahner