IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| **Human Rights Defense Center,**<br><br>        Plaintiff,<br><br>vs.<br><br>**MICHELLE LUJAN GRISHAM**, individually and in her capacity as Governor of the State of New Mexico; **ALISHA TAFOYA LUCERO**, individually and in her capacity as Cabinet Secretary of the New Mexico Corrections Department; **MELANIE MARTINEZ**, individually and in her capacity as Deputy Secretary of the New Mexico Correction Department; **GARY MACIEL**, individually and in his capacity as Deputy Secretary of the New Mexico Correction Department; **BRIAN R. EVANS**, individually and in his capacity as Chief Executive Officer of The GEO Group, Inc.; **WAYNE H. CALABRESE**, individually and in his capacity as President and Chief Operating Officer of The GEO Group, Inc.; **THE GEO GROUP, INC. d/b/a LEA COUNTY CORRECTIONAL FACILITY**, a corporation; **JOHN AND JANE DOES 1-20**, individually and in their official capacities; and **ENTITIES 1-10**,<br><br>        Defendants. | No. 1:24-cv-01091-SMD-KRS |

## PLAINTIFF'S OPPOSITION TO DEFENDANT GOVERNOR LUJAN GRISHAM'S MOTION TO DISMISS

### INTRODUCTION

The Court should deny Defendant Governor Michelle Lujan Grisham's 12(b)(6) Motion to Dismiss Plaintiff Human Rights Defense Center's claims (Dkt. No. 28) ("the

Motion").[1]    The Governor is a proper defendant as to Plaintiff's claims for prospective equitable relief.  Plaintiff's Complaint alleges that the Governor, working with the other defendants, runs, implements, administers, and enforces policies, practices, and customs causing New Mexico Corrections Department ("NMCD") staff to illegally censor Plaintiff's publications.  The central problem is the high-level statewide prison policies that are unconstitutional both on their face and as applied resulting in censorship and a lack of due process.  The buck stops with the Governor on high-level statewide policies, the Complaint alleges her direct involvement, and indeed one of the key policies at issue is on letterhead bearing the Governor's name.

The Motion does not dispute that, construing all allegations in favor of the non-moving party and drawing reasonable inferences therefrom, the Complaint sufficiently alleges that the Defendants are depriving Plaintiff of constitutionally guaranteed rights.  The Motion merely argues that the Governor's actions or omissions are too far removed from Plaintiff's otherwise well-pled allegations to state a claim against the Governor.  This is a factual assertion that is disputed and inappropriate to resolve by a Rule 12(b)(6) motion.

The Governor's arguments are unavailing and the Court should deny the Motion.  In the alternative, the Court should grant leave to amend the Complaint.

---

[1] The Motion does not clearly specify under what federal rule the Governor moves to dismiss.  From the argument and a citation to Rule 12(b)(6) on page seven, we understand the motion is rooted in Rule 12(b)(6).

**LEGAL STANDARD**

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), courts "assume the truth of all well-pleaded facts in the complaint, and draw all reasonable inferences therefrom in the light most favorable to the plaintiffs." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009). "To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual allegations 'to state a claim to relief that is plausible on its face.'" *Brokers' Choice of America, Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104 (10th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he burden is on the moving party to prove that no legally cognizable claim for relief exists." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (4th ed. 2024). Even if the motion to dismiss is granted, "leave to amend 'shall be freely given when justice so requires'" and only refused if there is "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (citations omitted).

**ARGUMENT**

**I.   HRDC PROPERLY STATES A CLAIM FOR RELIEF AGAINST THE GOVERNOR PURSUANT TO 42 U.S.C. § 1983.**

Only the Governor—not the other State Defendants—moves for dismissal arguing that Plaintiff's Complaint does not support a cause of action against the Governor

individually or in her official capacity.[2]  The Motion does not dispute that Plaintiff's allegations adequately plead violations of its constitutional rights, or that a Governor's acts or omissions can give rise to liability pursuant to 42 U.S.C. § 1983.  *See* Mot. at 2.  Rather, the motion makes an unsupported factual contention, which Plaintiff disputes, that the Governor did not cause the violations through her personal actions or omissions and thus the Complaint should be dismissed as to the Governor because she cannot be held liable under Section 1983 solely for the alleged unconstitutional conduct of her subordinates under a theory of *respondeat superior*.  *See* Mot. at 8-9 (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478–79 (1986); *Ashcroft v. Iqbal*, 556 U.S. 662, 676-78 (2009); *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978)).  Following the above cases, the Tenth Circuit requires that any Section 1983 claim for individual liability plaintiff must plead:  (1) personal involvement, (2) causation, and (3) state of mind.  *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013).  Here, HRDC's Complaint includes specific allegations about the Governor's involvement beyond a general supervisory duty, including allegations of the Governor's personal involvement including that she is the moving force behind a policy

---

[2]Plaintiff brought its Complaint against Governor MICHELLE LUJAN GRISHAM, Cabinet Secretary ALISHA TAFOYA LUCERO, Deputy Secretary MELANIE MARTINEZ, and Deputy Secretary GARY MACIEL (collectively the "State Defendants") and a private prison operator THE GEO GROUP, INC. d/b/a LEA COUNTY CORRECTIONAL FACILITY, and its leadership, Chief Executive Officer BRIAN R. EVANS and President and Chief Operating Officer WAYNE H. CALABRESE (collectively, the "GEO Defendants"), as well as unidentified JOHN AND JANE DOES and ENTITIES.  The individual GEO Defendants, Mr. Evans and Mr. Calabrese, have filed a separate motion to dismiss but the corporate entity has not.

that injured HRDC, causation, and state of mind.

The Complaint alleges with particularity and detail the following facts that establish First and Fourteenth Amendment claims against the Governor based on her actions and omissions:

1. Plaintiff HRDC publishes and distributes books, magazines, and other material containing news and analysis, political speech and social commentary, which are afforded the highest protection by the U.S. Constitution, and sending these materials through the mail to incarcerated persons is essential to HRDC's mission. Complaint ¶¶ 20-28.

2. The Governor and her subordinates are responsible for maintaining specific policies that are unconstitutional both on their face and as applied. *Id.* ¶¶ 29-37.

3. One of the key written statewide policies at issue—which prohibits magazines and other mail—is a December 29, 2021 memorandum that is not signed by any individual but is on official letterhead bearing both the Governor's name and the Governor's Cabinet Secretary's name. *See id.* ¶¶ 30, 37.[3]

4. The Governor and her subordinates caused unconstitutional censorship of HRDC's publications in at least 152 instances, and failed to provide constitutionally mandated due process, causing harm to HRDC, and the violations are ongoing. *Id.* ¶¶ 38-54.

---

[3] Plaintiff filed a copy of the policy memorandum with the Court on the same day as the Complaint. *See* ECF No. 3-1 at 8-9 Ex. A to Shinn-Krantz Decl. ISO Pltf.'s Mot. for Prelim. Inj.

5. The Governor both generally supervises the official conduct of all executive branch officers and specifically is the ultimate state authority over the management and operations of NMCD facilities. *Id.* ¶ 9.

6. The Governor both generally sees that all offices are filled and their duties lawfully performed, and specifically has authority to appoint and remove each of the subordinate defendants named in the Complaint. *Id.* ¶ 9.

7. The Governor and her subordinates are responsible for or personally participated in creating and implementing the unconstitutional policies, practices, and customs, or for ratifying or adopting them. *Id.* ¶ 52.

8. The Governor and her subordinates' conduct proximately caused HRDC's injuries and violations of HRDC's rights under the First Amendment to communicate with incarcerated persons, if not enjoined this conduct will continue to cause damage, and the conduct was objectively unreasonable, undertaken recklessly, intentionally, willfully, with malice, and with deliberate indifference to the rights of others. *Id.* ¶¶ 56-59.

9. The Governor and her subordinates' conduct proximately caused HRDC's injuries and violations of HRDC's rights to due process under the Fourteenth Amendment to receive notice and an opportunity to object or appeal the censorship, if not enjoined this conduct will continue to cause damage, and the conduct was objectively unreasonable, undertaken recklessly, intentionally, willfully, with malice, and with deliberate indifference to the rights of others. *Id.* ¶¶ 62-67.

These factual allegations and the inferences reasonably drawn therefrom are more

than sufficient to state claims against Defendant Governor Lujan Grisham for censorship in violation of the First Amendment, and failure to provide due process in violation of the Fourteenth Amendment.

## II. CASELAW DOES NOT SUPPORT DISMISSAL UNDER THE WELL-PLED ALLEGATIONS AT ISSUE HERE.

The Motion provides no authority that the Governor is free from liability when she engages in the actions and omissions alleged in the complaint. The Motion cites cases from the Tenth, Ninth, and Sixth circuits, and in all of those circuits, courts have held plaintiffs may maintain Section 1983 lawsuits against governors. The Motion cites only a single Tenth Circuit case, which in fact supports HRDC's position. *See* Mot. at 10. In *Lewis v. New Mexico Dep't of Health* the court *denied* a motion to dismiss Section 1983 claims against the Governor of New Mexico. *See* 94 F. Supp. 2d 1217, 1240 (D.N.M. 2000), *aff'd*, 261 F.3d 970 (10th Cir. 2001)). The *Lewis* court found that the plaintiffs, who alleged impermissible delay in providing Medicaid waiver services, pled both general supervisory authority and specific allegations of the Governor's involvement. *Id.* at 1222-23, 1239-40. The allegations included proposing budgets, refusing to approve budgets, directing subordinates not to plan for growth, causing people to be moved from state services to waiver programs, and failing to fill positions and create and fund new positions to administer the waiver program. *Id.* at 1239-40. Here, as in *Lewis*, the Complaint makes sufficient allegations to maintain HRDC's Section 1983 claims against Governor Lujan Grisham. The Complaint makes specific allegations about the Governor's acts or omissions including responsibility for unconstitutional statewide

policies. One of the key written statewide policies at issue is a December 29, 2021 memorandum that is not signed by any individual but is on official letterhead bearing both the Governor's name and the Governor's Cabinet Secretary's name. *See id.* ¶¶ 30, 37. The Governor is the ultimate state authority over the management and operations of NMCD facilities. Complaint ¶ 9. The Governor has authority to appoint and remove each of the subordinate defendants named in the Complaint. *Id.* The Complaint goes into great detail to describe the specific written policies that all of the Defendants, including the Governor and her subordinates, are responsible for maintaining and alleges how those policies are unconstitutional. *See id.* at ¶¶ 29-37. It also details how the Defendants, including the Governor, have caused unconstitutional censorship of HRDC's publications in at least 152 instances, and consistently failed to provide constitutionally mandated due process, causing harm to HRDC. *See id.* ¶¶ 38-54. Finally, it alleges each of the Defendants, which includes the Governor, are responsible for or personally participated in creating and implementing these unconstitutional policies, practices, and customs, or for ratifying or adopting them, *id.* ¶ 52, and acted with the requisite state of mind, *id.* ¶¶ 56-59, causing HRDC harm, *id.* ¶¶ 62-67.

Like in *Lewis*, other decisions in the Tenth Circuit routinely permit plaintiffs to maintain suits against governors including the Defendant here. *See Hernandez v. Grisham*, 499 F.Supp.3d 1013, 1057-58 (D.N.M. 2020) (permitting suit against the governor of New Mexico where it is plausible that the governor and cabinet secretary work together on creating, implementing, and enforcing challenged unconstitutional policies and noting that Governor Lujan Grisham has the power to direct her cabinet

members to enact policy); *see also Fowler v. Stitt*, 104 F.4th 770, 783 (10th Cir. 2024) (permitting suit against the governor of Oklahoma pursuant to *Ex parte Young* where the plaintiff alleged that the governor oversaw the agency sued and took action under color of state law to prevent transgender people from accessing birth certificates matching their gender identity); *Petrella v. Brownback*, 697 F.3d 1285, 1294 (10th Cir. 2012) (permitting suit against the governor of Kansas notwithstanding the governor's standing and causation arguments because the governor has responsibility for the enforcement of the laws of the state and is an appropriate defendant for prospective non-monetary relief pursuant to *Ex parte Young*); *Savage v. Fallin*, 663 Fed.App'x. 588, 591 (10th Cir. 2016) (permitting suit against the governor of Oklahoma to the extent that her administrative actions failed to reduce overcrowding in state prison notwithstanding the governor's request for legislative immunity).

The Governor's Motion also cites several cases from the Ninth and Sixth Circuits, which are not binding on this Court, and which also are distinguishable from the Complaint here. *See* Mot. at 8-10. In the *L.A. Branch NAACP v. L.A. Unified School Dist.*, the Ninth Circuit found the Eleventh Amendment barred suit against a governor specifically because the plaintiff "d[id] not seek to enjoin the Governor from enforcing existing unconstitutional state laws" but instead "hope[d] to require the Governor to take affirmative steps to eliminate the effects of laws long since repealed." 714 F.2d 946, 953 (9th Cir.1983). In contrast, here the Complaint seeks specifically to enjoin the Governor from enforcing unconstitutional state policies and procedures causing ongoing harm. *See, e.g.*, Complaint ¶¶ 1, 53-54, 60, 68. In the Ninth Circuit, plaintiffs including HRDC

have maintained Section 1983 cases against state governors over civil rights violations caused by their management of prison systems. *See, e.g., Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 449 (9th Cir. 2010) (awarding attorneys fees to Prison Legal News—now called HRDC—following settlement of censorship claims against governor and other prison officials); *Coleman v. Newsom*, No. 90-CV-0520 KJM DB, 2024 WL 3166333, at *36 (E.D. Cal. June 25, 2024) (finding certain prison officials in contempt, ordering payment of fines, and expressly confirming remedial requirements apply to all defendants including governor in decades-long class Section 1983 suit over prison mental health care).

Defendant's line of Sixth Circuit cases is similarly unavailing. *See* Mot. at 8-10. First the Motion points to *Crawford v. Tilley*, where the plaintiff sought to maintain claims against a high-ranking state official regarding inadequate medical care provided by a private prison healthcare company. 15 F.4th 752, 757 (6th Cir. 2021). The *Crawford* court found the plaintiff failed to carry the burden under Sixth Circuit standards that require alleging "active unconstitutional behavior" that was both a cause in fact and a proximate cause of the violation. *Id.* at 766. Critical to the court's decision was that the state official did not plausibly have relevant knowledge of the private company's practices. *Id.* This is clearly distinct from HRDC's Complaint in this case, which alleges that the Governor has knowledge of statewide policies and practices at the state's *own* prisons, specifically including unconstitutional state policies on letterhead bearing the Governor's name. *See* Complaint ¶¶ 29-37, 52.

Next, Defendant cites *Peatross v. City of Memphis*, for the proposition that a

plaintiff must show defendant "authorized, approved, or knowingly acquiesced in the unconstitutional conduct … of his subordinates through the execution of his job functions."  818 F.3d 233, 242 (6th Cir. 2016).  The *Peatross* court upheld the district court's *denial* of a state official's motion to dismiss in light of alleged "facts and the inferences drawn therefrom" that supported "the plausible inference that" the official at "at least knowingly acquiesced in the unconstitutional conduct" of his subordinate officials.  *Id.* at 243-44.

Finally, the Motion cites *Does v. Whitmer ("Does III")*, in which people convicted sex of offenses brought a putative class action against a current and former governor and other officials for money damages.  69 F.4th 300, 303 (6th Cir. 2023).  In *Whitmer*, the court held the "only connection between the governors and the alleged injuries is the governors' generalized responsibility to enforce the law and their supervisory authority over the [police]."  *Id.* at 308.  That case explains that two previous lawsuits, "*Does I*" and "*Does II*," had sought and obtained injunctive relief against the governor and other officials regarding the same set of state laws at issue in *Does III*.  *See id.*  At the motion to dismiss stage in *Does I*, the district court held that plaintiffs plausibly stated First and Fourteenth Amendment claims.  *See id.*  In *Does II*, the district court granted summary judgment in favor of the plaintiffs finding violations of the First Amendment.  Here, in contrast to *Does III* and like in *Does I* and *Does II*, HRDC seeks to enjoin statewide policies and practices resulting in constitutional violations, and as described above, alleges direct involvement by the Defendant Governor, including personally participating in creating and implementing unconstitutional policies, practices, and customs, or

ratifying or adopting them. *See* Complaint ¶ 52. In particular one of the key policies at issue—banning magazines and other mail—was not signed by any individual but is published on letterhead bearing the Governor's name. *See id.* ¶¶ 30, 37.

None of Defendant's cases support the Governor's motion to dismiss in light of the facts alleged in the Complaint, and several in fact show that courts routinely permit lawsuits to proceed against high-ranking officials including Governors.

## CONCLUSION

Plaintiff requests that the Court deny Defendant's Motion to Dismiss. In the alternative, the Court should grant Plaintiff leave to amend the Complaint.

January 28, 2025

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Marc J. Shinn-Krantz*
  Ernest Galvan, Cal. Bar No. 196065
  Marc J. Shinn-Krantz, Cal. Bar No. 312968
  Attorneys for HUMAN RIGHTS
  DEFENSE CENTER
  101 Mission Street, Sixth Floor
  San Francisco, California  94105-1738
  Telephone: (415) 433-6830
  Facsimile: (415) 433-7104
  * *Pro Hac Vice* Application to be filed

HUMAN RIGHTS DEFENSE CENTER

  Jonathan P. Picard, Fla. Bar No. 105477
  P.O. Box 1151
  Lake Worth, Florida  33460
  Attorneys for HUMAN RIGHTS DEFENSE
  CENTER
  Telephone: (561) 360-2523
  Facsimile: (561) 828-8166
  * *Pro Hac Vice* Application to be filed

       IVES & FLORES P.A.

        Laura Schauer Ives, SB# 12463
        Adam C. Flores, SB# 146686
        Attorneys for HUMAN RIGHTS DEFENSE CENTER
        925 Luna Circle NW
        Albuquerque, New Mexico  87102
        Telephone: (505) 364-3858
        Facsimile: (505) 364-3050

I hereby certify that on this 28th day of January 2025, I caused the foregoing to be electronically filed via the CM/ECF system which caused service on all counsel of record by electronic means.

 */s/ Marc J. Shinn-Krantz*
Marc J. Shinn-Krantz

[4633630.4]