## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

**HUMAN RIGHTS DEFENSE CENTER,**

        Plaintiff,

**vs.**

**MICHELLE LUJAN GRISHAM**, individually and in her capacity as Governor of the State of New Mexico; **ALISHA TAFOYA LUCERO**, individually and in her capacity as Cabinet Secretary of the New Mexico Corrections Department; **MELANIE MARTINEZ**, individually and in her capacity as Deputy Secretary of the New Mexico Correction Department; **GARY MACIEL**, individually and in his capacity as Deputy Secretary of the New Mexico Correction Department; **BRIAN R. EVANS**, individually and in his capacity as Chief Executive Officer of The GEO Group, Inc.; **WAYNE H. CALABRESE**, individually and in his capacity as President and Chief Operating Officer of The GEO Group, Inc.; **THE GEO GROUP, INC. d/b/a LEA COUNTY CORRECTIONAL FACILITY**, a corporation; **JOHN AND JANE DOES 1-20**, individually and in their official capacities; and **ENTITIES 1-10**,

        Defendants.

**No. 1:24-cv-01091-SMD-KRS**

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meeting was held telephonically on March 6, 2025 at 3PM MST, and was continued via electronic means and concluded via electronic communications on March 10, 2025. The foregoing communications were attended by and otherwise participated in by:

Ernest Galvan and Marc J. Shinn-Krantz for Plaintiff.

Raul A. Carrillo, Jr., for the "State" Defendant(s) MICHELLE LUJAN GRISHAM, individually and in her capacity as Governor of the State of New Mexico; ALISHA TAFOYA LUCERO, individually and in her capacity as Cabinet Secretary of the New Mexico Corrections Department; MELANIE MARTINEZ, individually and in her capacity as Deputy Secretary of the New Mexico Correction Department; GARY MACIEL, individually and in his capacity as Deputy Secretary of the New Mexico Correction Department; and

Michael S. Jahner for Defendants The GEO Group, Inc., Brian R. Evans and Wayne H. Calabrese ("GEO Defendants").

## NATURE OF THE CASE

Alleged violation of free speech and due process rights of publisher.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file:  An amended complaint to add additional claims and to name the Doe individuals and entities at the earliest possible date after discovery reveals who they are.

Plaintiff(s) should be allowed until June 2, 2025 to move to amend the pleadings to add additional claims and until the earliest possible date after discovery reveals who they are to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

State Defendants intend to file: No amendments at this time.

[4658897.7]                                                    2

GEO Defendants intend to file:  No amendments presently anticipated.

State Defendants and GEO Defendants should be allowed until June 16, 2025 to move to amend the pleadings and until June 16, 2025 to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter, with the exception of the dispute over personal jurisdiction as to Defendants Brian R. Evans, and Wayne H. Calabrese.  *See* Dkt. Nos. 30, 42.

The parties are willing to further stipulate to the following facts:  The parties will meet and confer as discovery progresses to agree on a list of facts.

The parties further stipulate and agree that the law governing this case is:  federal law including the U.S. Constitution's First Amendment (free speech), Fourteenth Amendment (due process), and 42 U.S.C. §§ 1983, 1988.

## PLAINTIFF'S CONTENTIONS:

Plaintiff HUMAN RIGHTS DEFENSE CENTER ("HRDC") is a not-for-profit charitable organization.  For over thirty-four years, HRDC has focused its mission on public education, advocacy and outreach to incarcerated persons and the public about the economic and social costs of prisons to society, and to help incarcerated persons educate themselves about their constitutional and human rights and to learn about accessing education while incarcerated.  HRDC accomplishes its mission through advocacy, litigation, and publication and/or distribution of books, magazines and other information

concerning prisons and the rights of incarcerated persons.  HRDC engages in core protected speech and expressive conduct on matters of public concern, such as the operation of correctional facilities, prison and jail conditions, and the health, safety and constitutional and human rights of incarcerated persons.

Defendants have adopted and implemented mail policies, practices, and customs that unconstitutionally prohibit delivery of publications and correspondence mailed by Plaintiff to persons incarcerated at all prisons of the New Mexico Corrections Department, eight of which are operated by the State defendants and one of which is operated by the GEO defendants pursuant to contracts with the State or State entities. Defendants deny due process of law to senders, like Plaintiff, whose mail is censored, by failing to provide adequate notice and an opportunity to challenge each instance of censorship.  Defendants' actions violate its rights under the First and Fourteenth Amendments to the United States Constitution.  Defendants have no penological interest in prohibiting delivery of Plaintiff's mailings.

## DEFENDANTS' CONTENTIONS

The State Defendants contend that the complaint does not state a cause of action against Gov. Grisham individually or in her official role, as the Plaintiff has not specifically pled that Defendant Grisham herself committed any act or omission which deprived the Plaintiff of a constitutional right.

The State Defendants further contend that Plaintiff's request for a mandatory preliminary injunction is an unwarranted and extreme request  which would unnecessarily prejudice the Defendants because the request is overbroad and far

[4658897.7]                                                    4

outweighs the potential harm which would be inevitable if a preliminary injunction were granted.

The State Defendants contend, generally, that their regulations in running an inmate detention facility are valid wherever they are reasonably related to legitimate penological interests. As such, the State Defendants believe that the plaintiff is failed to state a claim upon which relief can be granted. *See, Turner v. Safley*, 482 U.S. 78, 89 (1987). The mail policy at issue here provides numerous regulations which are intended to achieve this end, including the mail screening process, which is required to prevent the introduction of contraband and other materials deemed inappropriate under the policy. These regulations exist as part of the Defendants interest in and duty to maintain the security of the prisons. The plaintiff has not made a showing at this stage of the proceedings that any policy was inappropriately applied and has not established that any policy is not rationally related to the government's legitimate interests.

Finally, the State Defendants contend, generally, that the Plaintiffs are unable to successfully establish a claim for violations of due process rights because Plaintiff cannot show a deprivation of a protected interest in life, liberty, or property. Plaintiff's constitutional rights are bounded by case law which holds that publishers have a constitutional right to communicate with prisoners *to the extent that it does not interfere with a prison's legitimate penological interests*. *See Thornburgh,* 490 U.S. at 407, 109 S.Ct. 1874. Only after showing a deprivation of a protected interest, may a plaintiff show that the interest was deprived without constitutionally adequate process. *Zinermon v. Burch,* 494 U.S. 113, 125–26, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990)." (emphasis added)

*See, Human Rights Def. Ctr. v. Bd. of Cnty. Commissioners for Strafford Cnty., New Hampshire,* 654 F. Supp. 3d 85, 100 (D.N.H. 2023). The Plaintiff in this matter has not shown that it has been deprived of a protected interest (communication), because it cannot succeed on its First Amendment claim.

Defendants Evans and Calabrese contend that the Court does not have personal jurisdiction of them or either of them and incorporate by reference herein the contentions made in their Motion to Dismiss [doc. 30] as well as the assertions and contentions to be made in their forthcoming Reply in support thereof.  Defendant GEO joins in the contentions made above by the State Defendants and incorporates by reference herein the substantive contentions advanced in its Response in Opposition to Plaintiff's Motion for Preliminary Injunction [doc. 19].  Defendant GEO otherwise incorporates by reference herein the denials and affirmative defenses set forth in its Answer to the Complaint [doc. 20].

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan:

List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony. It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."

**Plaintiff Intends to Present Testimony From:**

- Paul Wright, Executive Director of Human Rights Defense Center, in care of counsel, re: all facts related to HRDC's claims.

**Defendants Intend to Present Testimony From:**

- The State Defendants intend to present testimony from Gary Maciel, Deputy Cabinet Secretary.

- The State Defendants will participate in discovery and reserve the right to name additional witnesses.

- The GEO Defendants intend to present testimony from LCCF Facility Administrator David Cole c/o counsel, and LCCF mailroom supervisor Nancy Hill, c/o counsel.

- The GEO Defendants will identify additional witnesses from whom testimony may be elicited during the course of discovery and otherwise in accordance with applicable Rules and Orders of the Court.

**Plaintiff Intends to Depose:**

- Alisha Tafoya Lucero, Cabinet Secretary of the New Mexico Corrections Department, in care of counsel, re: all facts related to NMCD's policies, procedures, and their application in this case.

- Melanie Martinez, Deputy Secretary of the New Mexico Correction Department, in care of counsel, re: all facts related to NMCD's policies, procedures, and their application in this case.

- Gary Maciel, Deputy Secretary of the New Mexico Correction Department, in care of counsel, re: all facts related to NMCD's policies, procedures, and their application in this case.

- Brian R. Evans, former Chief Executive Officer of The GEO Group, Inc., in care of counsel, re: all facts related to NMCD and/or GEO's policies, procedures, and their application in this case up to his December 31, 2024 retirement.

- Wayne H. Calabrese, President and Chief Operating Officer of The GEO Group, Inc., in care of counsel, re: all facts related to NMCD and/or GEO's policies, procedures, and their application in this case.

- David Cole, LCCF Facility Administrator, c/o counsel re: all facts related to the LCCF's application of NMCD and/or GEO's policies, procedures, and their application in this case.

- Nancy Hill, LCCF mailroom supervisor, c/o counsel, re: all facts related to the LCCF's application of NMCD and/or  GEO's policies, procedures, and their application in this case.

- To be determined additional representatives of the New Mexico Corrections Department and The GEO Group, Inc., including Rule 30(B)(6) witnesses for both.


- **Defendants Intend to Depose:**

- Rule 30(B)(6) witnesses for the Plaintiff as needed to better understand the plaintiff's claims.

- The State Defendants and GEO Defendants will engage in paper discovery prior to identifying additional witnesses for deposition, as their identities may not yet be known.

- Paul Wright, Executive Director, HRDC


List all documents which you believe, at this time, will be exhibits at the trial.

- Images of allegedly censored items.
- Institutional mail logs
- Inmate location history documents
- NMCD mail policies
- The parties will meet and confer as discovery progresses to agree on a list of additional exhibits and will otherwise identify contested exhibits.


List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

- John L. Clark, Criminal Justice Consultant and former Assistant Director of Federal Bureau of Prisons, expert in corrections, will testify on the adequacy of Defendants' policies including due process and lack of penological interest in censorship.
- The State Defendants have not yet identified any expert witnesses for this trial.
- The GEO Defendants have not yet identified any expert witness(es) whom it may call to testify at trial

Discovery will be needed on the following subjects:  Potential need for jurisdictional discovery pending outcome of the pending motion to dismiss at Dkt. 30. Fact discovery regarding the parties' respective contentions and defenses surrounding alleged censorship and alleged due process allegations.  Expert discovery.

Maximum of 25 interrogatories by each party to any other party.  (Responses due 30 days after service).

Maximum of 50 requests for admission by each party to any other party. (Responses due 30 days after service).

Maximum of 10 depositions by Plaintiff, in the event more are needed Plaintiff will seek leave from the court, and 10 by Defendants.

Each deposition limited to maximum of 7 hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

from Plaintiff(s) by **February 6, 2026.**

from Defendant(s) by **March 6, 2026**.

Supplementation under Rule 26(e) **March 20, 2026**.

No party opposes the sequential ordering of fact and expert discovery.  Fact discovery shall commence in time to be complete by **January 30, 2026**.  Expert discovery shall commence **February 3, 2026** and conclude by **March 31, 2026**. Discovery on jurisdictional issues, if needed, to be completed by two months after the Court's order on the motion to dismiss pending at Dkt. 30.

Other Items:  N/A.

## PRETRIAL MOTIONS

Plaintiff intends to file:  Dispositive motions, evidentiary motions, and other motions as needed.

Defendants intend to file: The State defendants have already filed a motion to dismiss Defendant Lujan Grisham, and intend to file a motion for summary judgment at the close of discovery. In addition to the pending motion to dismiss (Dkt. 30), GEO Defendants or any of them intend to file dispositive motions under Rule 12 and/or Rule 56, discovery motions as may be necessary, evidentiary motions/motions in limine, and other motions as may be deemed necessary.

## ESTIMATED TRIAL TIME

The parties estimate trial will require 7 days.

__X__ This is a non-jury case as to the Defendants other than The GEO Group, Inc.

__X__ This is a jury case as to Defendant The GEO Group, Inc.

The parties request a pretrial conference in **June 2026**.

## SETTLEMENT

The possibility of settlement in this case is considered fair and may be enhanced by use of the following alternative dispute resolution procedure:  an early settlement conference with the Magistrate Judge as soon as reasonably practicable, and if needed a subsequent settlement conference and/or formal ADR such as a private mediation.  The parties request a settlement conference as soon as reasonably practicable after the Court has ruled on pending dispositive motions and on Plaintiff's Motion for Preliminary

Injunction.

## **EXCEPTIONS**

GEO Defendants contend that no GEO policies and procedures are at issue in this case.

APPROVED WITH THE ABOVE
EXCEPTION

March 17, 2025                    ROSEN BIEN GALVAN & GRUNFELD LLP


By:*/s/ Marc J. Shinn-Krantz*
    Ernest Galvan, Cal. Bar No. 196065
    Marc J. Shinn-Krantz, Cal. Bar No. 312968
    Attorneys for HUMAN RIGHTS
    DEFENSE CENTER
    101 Mission Street, Sixth Floor
    San Francisco, California  94105-1738
    Telephone: (415) 433-6830
    Facsimile: (415) 433-7104
    * Admitted *Pro Hac Vice*

HUMAN RIGHTS DEFENSE CENTER
    Jonathan P. Picard, Fla. Bar No. 105477
    P.O. Box 1151
    Lake Worth, Florida  33460
    Attorneys for HUMAN RIGHTS DEFENSE
    CENTER
    Telephone: (561) 360-2523
    Facsimile: (561) 828-8166
    * Admitted *Pro Hac Vice*

IVES & FLORES P.A.
Laura Schauer Ives, SB# 12463
Adam C. Flores, SB# 146686
Attorneys for HUMAN RIGHTS DEFENSE
CENTER
925 Luna Circle NW
Albuquerque, New Mexico  87102
Telephone: (505) 364-3858
Facsimile: (505) 364-3050


March 17, 2025                    CARRILLO LAW FIRM, P.C.


By:/s/ Raúl A. Carrillo, Jr.
Raúl A. Carrillo, Jr., NM Bar No. 5600
P.O. Box 457
Las Cruces, NM 88004
(575) 647-3200
(575) 647-1463 (fax)
raul@carrillolaw.org
Attorney for Defendants GRISHAM,
LUCERO, MARTINEZ, and MACIEL


March 17, 2025                    YLAW, P.C.


By:/s/ Michael S. Jahner
Michael S. Jahner
4908 Alameda Blvd. N.E.
Albuquerque, NM 87113
(505) 266-3995
mjahner@ylawfirm.com
Attorneys for Defendants THE GEO
GROUP, INC., BRIAN EVANS and
WAYNE CALABRESE