IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| **HUMAN RIGHTS DEFENSE CENTER,**<br><br>　　　　Plaintiff,<br><br>vs.<br><br>**MICHELLE LUJAN GRISHAM**, individually and in her capacity as Governor of the State of New Mexico; **ALISHA TAFOYA LUCERO**, individually and in her capacity as Cabinet Secretary of the New Mexico Corrections Department; **MELANIE MARTINEZ**, individually and in her capacity as Deputy Secretary of the New Mexico Corrections Department; **GARY MACIEL**, individually and in his capacity as Deputy Secretary of the New Mexico Corrections Department; **BRIAN R. EVANS**, individually and in his capacity as Chief Executive Officer of The GEO Group, Inc.; **WAYNE H. CALABRESE**, individually and in his capacity as President and Chief Operating Officer of The GEO Group, Inc.; **THE GEO GROUP, INC. d/b/a LEA COUNTY CORRECTIONAL FACILITY**, a corporation; **JOHN AND JANE DOES 1-20**, individually and in their official capacities; and **ENTITIES 1-10**,<br><br>　　　　Defendants. | No. 1:24-cv-01091-SMD-KRS |

### PLAINTIFF'S OPPOSITION TO MOTION FOR 45-DAY EXTENSION OF TIME FOR DEFENDANTS LUCERO, MARTINEZ, AND MACIEL TO RESPOND TO PLAINTIFF'S DISCOVERY REQUESTS

### INTRODUCTION

The Court should deny Defendants Alisha Tafoya Lucero, Melanie Martinez, and

[4718827.1]

1

Gary Maciel ("State Defendants")'s Motion seeking an additional 45 days to respond to Plaintiff Human Rights Defense Center ("Plaintiff")'s First Set of Interrogatories and First Set of Requests for Production of Documents, propounded on May 22, 2025. There is no good cause to grant such a lengthy extension of time to respond to these discovery requests, which seek documents and information critical to establish Plaintiff's First Amendment and Due Process claims and rebut the State Defendants' likely defenses, and which are not overbroad or unduly burdensome. Indeed, the requested extension would be unfairly prejudicial to Plaintiff, as the State Defendants would not be required to respond to any discovery until after the July 31, 2025 deadline for Plaintiff to amend the complaint, thereby depriving Plaintiff the opportunity to join additional defendants identified through the discovery responses.

The State Defendants also filed their motion without first meeting and conferring with Plaintiff to try to resolve the issue without the assistance of the Court, in violation of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. Proc. 26(c)(1). ***The State Defendants did not ever ask whether Plaintiff would agree to an extension of time to respond to these discovery requests.*** Had they done so, Plaintiff would have agreed to a reasonable extension of time. Instead, one business day before the State Defendants' June 23, 2025 deadline to respond to the discovery requests, they e-mailed Plaintiff's counsel a copy of the instant motion asking the Court to grant them a 45-day extension of time, as well as a separate motion seeking to stay all discovery in this case, and simply asked whether we "concur or oppose the requested relief." Decl. of Benjamin Bien-Kahn ISO Pls.' Opp. to Mot. for 45-Day Extension of Time ("Bien-Kahn Decl.") ¶ 7, Ex. E. If

the State Defendants had conferred in good faith with Plaintiff regarding their asserted need for more time to respond to these discovery requests, rather than making a last minute "take-it-or-leave-it" demand for such extraordinary relief, Plaintiff is confident that the parties would have been able to come to an informal resolution of this dispute. Instead, judicial resources will be unnecessarily expended resolving this Motion.

For these reasons, Plaintiff respectfully requests that the Court deny the Motion. In the alternative, Plaintiff requests that the Court order the State Defendants to respond to the propounded discovery requests by no later than July 14, 2025—a 21-day extension of time from their June 23, 2025 deadline to do so—which would provide Plaintiff at least a short amount of time to analyze the discovery responses and document production in advance of the July 31, 2025 deadline to join new parties.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff brought this action to enjoin Defendants from censoring its publications and correspondence that it mails to people incarcerated with the New Mexico Corrections Department ("NMCD") without adequate notice and an opportunity to challenge the censorship, in violation of Plaintiff's rights to freedom of speech and due process protected by the First and Fourteenth Amendments to the United States Constitution. Complaint, ECF No. 1, ¶ 1.  Plaintiff seeks injunctive and declaratory relief against the unconstitutional mail policies, customs and practices, and damages for each of the hundreds of violations of its constitutional rights, in an amount to proven at trial.  *Id.*

On March 26, 2025, the Court held the initial Fed. R. Civ. Proc. 16 scheduling conference in this matter, and entered a scheduling order adopting the parties' proposed

Joint Status Report and Provisional Discovery Plan, with slight modifications. *See* Scheduling Order, ECF No. 54. The Court set a July 31, 2025 deadline for Plaintiff to move to amend the pleadings or join additional parties, and a deadline to complete all fact discovery by January 30, 2026. *Id.* at 2.

On May 22, 2025, Plaintiff served its First Set of Interrogatories and First Set of Requests for Production of Documents on the State Defendants. Bien-Kahn Decl. ¶ 2, Ex. A. These two sets of discovery requests include only 24 requests for production of documents, and only 16 interrogatories. *Id.* ¶¶ 3-4, Exs. B, C. Under the Federal Rules of Civil Procedure, the State Defendants' responses were due 30 days after service, on June 23, 2025. Fed R. Civ. Proc. 33(b)(2); Fed. R. Civ. Proc. 34(b)(2)(A).

Although Plaintiff's counsel and counsel for the State Defendants exchanged emails regarding discovery after Plaintiff served these discovery requests, Bien-Kahn Decl. ¶ 5, Ex. D, the State Defendants did not ever request an extension of time to respond to them, *id.* ¶ 6. Instead, on June 20, 2025, one business day before the response deadline, the State Defendants e-mailed Plaintiff's counsel a copy of the instant motion asking the Court to grant them a 45-day extension of time to respond to the discovery requests, as well as a separate motion seeking to stay all discovery in this case, and simply asked whether Plaintiff's counsel "concur or oppose the requested relief." Bien-Kahn Decl. ¶ 7, Ex. E. The State Defendants' email offered no invitation to meet and confer regarding the extraordinary relief sought; rather, it stated: "If we do not receive a response by the end of the day we will assume the motions are opposed and file them accordingly." *Id.* The State Defendants filed both motions that same day, only hours

[4718827.1]                                           4

after Plaintiff's counsel replied that we would oppose the motions. Bien-Kahn Decl. ¶ 7, Ex. E; ECF Nos. 63, 64.

## ARGUMENT

**I.  THE STATE DEFENDANTS CANNOT ESTABLISH GOOD CAUSE FOR THE REQUESTED 45 DAY EXTENSION OF TIME, WHICH WOULD UNFAIRLY PREJUDICE PLAINTIFF**

The State Defendants have not and cannot show good cause for an additional 45 days to respond to Plaintiff's First Set of Requests for Production of Documents and First Set of Interrogatories. They make no argument that any discovery request would be unduly burdensome or oppressive to respond to within the time limits prescribed by the Federal Rules. *See* Fed. R. Civ. Proc. 26(c). Instead, they simply make generalized and unsupported claims that the document requests seek "potentially vast amounts of documentation and communications from across the NMCD prison system," and that the interrogatories require them to "identify broad groups of people from their 2,500 person staff …." *See* Motion at 2, ¶¶ 3, 6.

Plaintiff's discovery requests are not overbroad or unduly burdensome. They are narrowly focused on the creation and implementation of NMCD's challenged mail policies, and any training, guidance or instruction on those policies; the reasons, rationales, and justifications for the challenged mail policies; information and documents that would tend to support or undermine those justifications; and evidence of censorship of publications and correspondence mailed to incarcerated persons by Plaintiff. Bien-Kahn Decl. ¶¶ 3-4, Exs. B, C. Plaintiff propounded four interrogatories that seek the identities of certain NMCD staff, targeting key individuals who should not be difficult or

time-consuming to identify: the people who created the challenged mail policies, the people whose duties included implementing those policies, and their supervisors. Bien-Kahn Decl. ¶ 4, Ex. C (Interrogatories Nos. 1-3, 6). If the State Defendants believe particular discovery requests are overbroad or unduly burdensome, they may object to those requests, and the parties will meet and confer on whether and how to narrow the scope. But a generalized claim that Plaintiff seeks a lot of information through discovery does not establish good cause for such a lengthy extension of time.

By contrast, Plaintiff would be unfairly prejudiced should the State Defendants be granted an additional 45 days to respond to this discovery. The 45-day extension of time would mean that the State Defendants would not be required to serve their objections and responses to Plaintiff's first sets of written discovery until August 7, 2025, ***one week after Plaintiff's July 31, 2025 deadline to amend the complaint and join additional parties***. *See* Scheduling Order, ECF No. 54, at 2. Even assuming that the State Defendants would serve complete responses to the interrogatories and a full document production on that date—as opposed to objections and an invitation to meet and confer regarding the scope of the documents and answers sought—the responses will come too late for Plaintiff to have the opportunity to identify key NMCD staff who would be appropriate or necessary to add as additional defendants.

The State Defendants also refer to a document they filed in February 2025, styled as a "Notice of Non-Availability," *see* Mot. at 2, which purports to "give[] notice to the Court and counsel of record" that the State Defendants' counsel "will not be available for any depositions, hearings, or trial settings" during a number of time periods in 2025,

including from June 1 to June 19, 2025. Amended Notice of Non-Availability, ECF No. 41. Yet the discovery at issue was served prior to this period of "non-availability," and the response deadline is after the conclusion of that period. At no point did the State Defendants request an extension of time from Plaintiff on this or any other basis, even though the parties exchanged e-mails regarding discovery after these discovery requests were served. Bien-Kahn Decl. ¶ 6; *see also id.* ¶ 5, Ex. D.

In fact, according to the Amended Notice of Non-Availability, the State Defendants' counsel of record is unavailable to litigate this matter for vast swaths of 2025—from March 5 through March 31, April 1 through April 30, May 1 through May 26, June 1 through June 19, September 1 through September 26, and December 1 through December 12, along with shorter periods of "non-availability" in July, August, October, November and December 2025. ECF No. 41 at 1. In order to prove its claims, Plaintiff intends to conduct depositions of the State Defendants and other key NMCD staff before the close of fact discovery on January 30, 2026. But Plaintiff requires the information and documents sought in the written discovery requests at issue here to identify the key witnesses and prepare for those depositions. Granting the State Defendants' lengthy extension request may imperil Plaintiff's ability to complete necessary discovery, especially given the State Defendants' "Notice" that their counsel of record will be unavailable for significant portions of the remaining time before fact discovery closes.

Plaintiff takes seriously the obligation to meet and confer with all parties regarding discovery, including to schedule depositions at times that work for all parties' counsel, and to grant reasonable requests for additional time to respond to written discovery. But

a "Notice of Non-Availability" claiming that the State Defendants' counsel of record is unavailable to defend the case for much of the year cannot be used to prevent Plaintiff from obtaining the discovery necessary to prosecute this matter in accordance with the case deadlines proposed by the parties and set by this Court.

## II.  THE STATE DEFENDANTS DID NOT MEET AND CONFER WITH PLAINTIFF REGARDING AN EXTENSION OF TIME PRIOR TO FILING THE INSTANT MOTION

The Federal Rules of Civil Procedure require that a party from whom discovery is sought must certify "that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action" prior to seeking a protective order.  Fed. R. Civ. Proc. 26(c)(1).[1]  Yet the State Defendants filed this motion without making any attempt to meet and confer with Plaintiff regarding an extension of time to respond to the discovery requests, in violation of the Federal Rules of Civil Procedure, thereby wasting judicial resources on a dispute that the parties almost certainly could have resolved without the Court's assistance.

The State Defendants never asked whether Plaintiff would agree to an extension of time to respond to the discovery requests. Bien-Kahn Decl. ¶ 6.  Nor did they ever communicate to Plaintiff that they might require more time to respond.  *Id.*  Instead, they waited until one business day before their deadline to serve written responses to the

---

[1] Although styled as a "Motion for Extension of Time," the instant motion is a motion for a protective order under Fed. R. Civ. Proc. 26, as it asks the Court to protect the State Defendants from responding to the discovery requests at issue by specifying a different "time … for the disclosure or discovery." Fed. R. Civ. Proc. 26(c)(1)(B).  As such, the meet and confer requirement applies.

discovery requests, at which point they e-mailed Plaintiff an already drafted motion for a 45-day extension of time and a separate motion seeking to stay all discovery, and simply asked if Plaintiff would agree to the extraordinary relief sought in these two motions. Bien-Kahn Decl. ¶ 7, Ex. E.  Even this last minute e-mail did not invite Plaintiff to meet and confer about the length of the extension of time requested in the motion.  *Id.*  While the e-mail may comply with the requirement that the movant "determine whether a motion is opposed" before filing, D.N.M. LR-Civ. 7.1(a), it is no substitute for meeting and conferring to try to resolve discovery disputes informally before seeking the Court's intervention, as required by the Federal Rules, Fed. R. Civ. Proc. 26(c).

Had the State Defendants simply reached out to Plaintiff to request more time to respond to these discovery requests, rather than making a "take-it-or-leave it" demand for extraordinary relief that would unfairly prejudice Plaintiff right before their response deadline, the parties almost certainly would have resolved this dispute informally.  The State Defendants' decision to go straight to the Court with two separate motions regarding these discovery requests, without first making any effort to meet and confer with Plaintiff, should not be rewarded.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the Motion for a 45-day extension of time to respond to Plaintiff's discovery requests.  In the alternative, Plaintiff requests that the Court order the State Defendants to serve their responses to the propounded discovery requests by no later than July 14, 2025.

July 1, 2025                                    ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Benjamin Bien-Kahn*
    Ernest Galvan, Cal. Bar No. 196065
    Benjamin Bien-Kahn, Cal. Bar No. 267933
    Attorneys for HUMAN RIGHTS DEFENSE CENTER
    101 Mission Street, Sixth Floor
    San Francisco, California 94105-1738
    Telephone: (415) 433-6830
    Facsimile: (415) 433-7104
    * Admitted *Pro Hac Vice*

HUMAN RIGHTS DEFENSE CENTER
    Jonathan P. Picard, Fla. Bar No. 105477
    P.O. Box 1151
    Lake Worth, Florida 33460
    Attorneys for HUMAN RIGHTS DEFENSE CENTER
    Telephone: (561) 360-2523
    Facsimile: (561) 828-8166
    * Admitted *Pro Hac Vice*

IVES & FLORES P.A.
    Laura Schauer Ives, SB# 12463
    Adam C. Flores, SB# 146686
    Attorneys for HUMAN RIGHTS DEFENSE CENTER
    925 Luna Circle NW
    Albuquerque, New Mexico 87102
    Telephone: (505) 364-3858
    Facsimile: (505) 364-3050

    I hereby certify that on July 1, 2025, I caused the foregoing to be electronically filed via the CM/ECF system which caused service on all counsel of record by electronic means.

*/s/ Benjamin Bien-Kahn*
Benjamin Bien-Kahn