IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| **HUMAN RIGHTS DEFENSE CENTER,**<br><br>    Plaintiff,<br><br>vs.<br><br>**MICHELLE LUJAN GRISHAM**, individually and in her capacity as Governor of the State of New Mexico; **ALISHA TAFOYA LUCERO**, individually and in her capacity as Cabinet Secretary of the New Mexico Corrections Department; **MELANIE MARTINEZ**, individually and in her capacity as Deputy Secretary of the New Mexico Corrections Department; **GARY MACIEL**, individually and in his capacity as Deputy Secretary of the New Mexico Corrections Department; **BRIAN R. EVANS**, individually and in his capacity as Chief Executive Officer of The GEO Group, Inc.; **WAYNE H. CALABRESE**, individually and in his capacity as President and Chief Operating Officer of The GEO Group, Inc.; **THE GEO GROUP, INC. d/b/a LEA COUNTY CORRECTIONAL FACILITY**, a corporation; **JOHN AND JANE DOES 1-20**, individually and in their official capacities; and **ENTITIES 1-10**,<br><br>    Defendants. | No. 1:24-cv-01091-SMD-KRS |

**PLAINTIFF'S OPPOSITION TO MOTION FOR STAY OF DISCOVERY PENDING A RULING ON THE MOTION TO DISMISS DEFENDANT GRISHAM**

## INTRODUCTION

The Court should deny Defendant Michelle Lujan Grisham's motion to stay all discovery in this matter pending the resolution of her Motion to Dismiss Plaintiff's claims against her.  Defendant Grisham cannot make the requisite "'strong showing of necessity'" to justify a stay of discovery that would delay Plaintiff's ability litigate this case for an unknown time period.  *De Baca v. United States*, 403 F. Supp. 3d. 1098, 1112 (D.N.M. 2019).  Regardless of the outcome of Defendant Grisham's motion to dismiss, this case will move forward against the remaining Defendants.  Plaintiff's First Set of Requests for Production of Documents, propounded on all the State Defendants, does not seek any documents that are only in Defendant Grisham's possession or control, and Plaintiff has not sought any other discovery from her.  The State Defendants' discovery obligations will not be affected by the outcome of Defendant Grisham's Motion to Dismiss, and denying her request to stay discovery will not burden her in any way.

By contrast, staying discovery would undermine Plaintiff's interest in proceeding expeditiously with this action seeking to vindicate its First Amendment and Due Process rights.  Given the rapidly approaching July 31, 2025 deadline to move to amend the pleadings or join additional parties, and the January 30, 2026 deadline to complete fact discovery, the delay may also prejudice Plaintiff's ability to prosecute this case, and could inconvenience the Court by increasing the likelihood that these case management deadlines would need to be postponed so that Plaintiff will have sufficient time to complete the discovery necessary to prove its claims.  For these reasons, Plaintiff respectfully requests that the Court deny Defendant Grisham's Motion to Stay Discovery.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 25, 2024, Plaintiff brought this action to enjoin Defendants from censoring publications and correspondence that it mails to people incarcerated with the New Mexico Corrections Department ("NMCD") without adequate notice and an opportunity to challenge the censorship, in violation of Plaintiff's rights to freedom of speech and due process protected by the First and Fourteenth Amendments to the United States Constitution.  Complaint, ECF No. 1, ¶ 1.  The Defendants include four New Mexico state officials—Governor Grisham, NMCD Secretary Lucero, and NMCD Deputy Secretaries Martinez and Maciel (the "State Defendants")—and The GEO Group, Inc., a private company that operates one of NMCD's prisons, as well as its Chief Executive Officer and its President and Chief Operating Officer.  *Id.* ¶¶ 9-16.  Plaintiff seeks injunctive and declaratory relief against Defendants' unconstitutional mail policies, customs and practices, and damages for each of the hundreds of violations of its constitutional rights, in an amount to be proven at trial.  *Id.*, Request for Relief ¶¶ 1-7.

On October 25, 2024, Plaintiff also filed a Motion for a Preliminary Injunction against the Defendants' unconstitutional policies, customs and practices.  ECF No. 3.  Briefing on the preliminary injunction motion was completed on March 21, 2025.  ECF No. 47.  The Court has not yet set a hearing date or ruled on this motion.

On December 20, 2024, Defendant Grisham filed a Motion to Dismiss the claims against her for failure to state a claim upon which relief can be granted.  ECF No. 28.  Briefing on Defendant Grisham's Motion to Dismiss was completed on April 18, 2025.  ECF No. 60.  The Court has not yet set a hearing date or ruled on the motion.  The

remaining three State Defendants did not move to dismiss the claims against them, and instead answered the Complaint. ECF No. 27.

On March 17, 2025, following the Fed. R. Civ. Proc. 26(f) conference, the parties filed a Joint Status Report and Provisional Discovery Plan. ECF No. 45. The Joint Status Report and Provisional Discovery Plan includes no mention of the possibility that the State Defendants might seek to stay discovery during the pendency of Defendant Grisham's already-filed Motion to Dismiss. *See id.*

On March 26, 2025, the Court held the initial Fed. R. Civ. Proc. 16 scheduling conference in this matter, and entered a scheduling order adopting the parties' proposed Joint Status Report and Provisional Discovery Plan, with slight modifications. *See* ECF No. 54. The Court set a July 31, 2025 deadline for Plaintiff to move to amend the pleadings or join additional parties, and a deadline to complete all fact discovery by January 30, 2026. *Id.* at 2. The case management schedule proposed by the parties and adopted by the Court does not contemplate that Defendants might seek to stay discovery pending the resolution of Defendant Grisham's Motion to Dismiss. *Id.*

On May 22, 2025, Plaintiff served its First Set of Requests for Production of Documents on Defendants Grisham, Lucero, Martinez, and Maciel (the "State Defendants"), which includes only 24 requests for production of documents. Decl. of Benjamin Bien-Kahn ISO Pls.' Opp. to Mot. for 45-Day Extension of Time for State Defs. to Respond to Pls.' Discovery Requests, ECF No. 66-1, ¶ 3, Ex. B. Under the Federal Rules of Civil Procedure, the State Defendants' response was due 30 days after service, on June 23, 2025. Fed. R. Civ. Proc. 34(b)(2)(A).

Plaintiff's counsel and counsel for the State Defendants exchanged emails regarding scheduling a deposition in July 2025 after Plaintiff served these discovery requests, yet the State Defendants did not ever mention the possibility of staying discovery pending the outcome of Defendant Grisham's Motion to Dismiss. ECF No. 66-1 ¶¶ 5-6, Ex. D. Instead, on June 20, 2025, one business day before the deadline to respond to Plaintiff's discovery requests, the State Defendants e-mailed Plaintiff's counsel a copy of the instant motion, as well as a separate motion asking the Court to grant them a 45-day extension of time to respond to Plaintiff's discovery requests, and simply asked whether Plaintiff's counsel "concur or oppose the requested relief." *Id.* ¶ 7, Ex. E. The State Defendants' email offered no invitation to meet and confer regarding the extraordinary relief sought; rather, it stated: "If we do not receive a response by the end of the day we will assume the motions are opposed and file them accordingly." *Id.* The State Defendants filed both motions that same day, only hours after Plaintiff's counsel replied that we would oppose the motions. *Id.*; ECF Nos. 63, 64.

## LEGAL STANDARD

Although courts have discretion to stay proceedings incident to their power to manage their own docket, "[t]he party seeking a stay generally faces a difficult burden." *De Baca*, 403 F. Supp. 3d. at 1111-12. "In particular, where a movant seeks relief that would delay court proceedings by other litigants he must make a strong showing of necessity because the relief would severely affect the rights of others. The underlying principle is clearly that the right to proceed in court should not be denied except under the most extreme circumstances." *Id.* at 1112 (internal citations and quotation marks

omitted) (quoting *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)).  "In the District of New Mexico, this holding has been interpreted as counseling against staying discovery pending the resolution of another issue in the case." *Valtierra v. Nyamsuren*, Civ. No. 24-899 DHU/JFR, 2025 WL 754169, at *2 (D.N.M. Mar. 10, 2025).

In weighing the competing interests to decide whether to stay discovery, "courts 'may consider factors such as:  (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interest of persons not parties to the civil litigation; and (5) the public interest.'"  *Valtierra*, 2025 WL 754169, at *3.  However, courts in this District have noted that "'[d]efendants in civil cases face an uphill battle in putting the brakes on discovery.'"  *De Baca*, 403 F. Supp. 3d at 1112.

## ARGUMENT

Defendant Grisham cannot make the required "'strong showing of necessity'" to justify a stay of discovery pending the resolution of her motion to dismiss.  *De Baca*, 403 F. Supp. 3d at 1112.  "The general rule is that a stay of discovery is not warranted unless the case will likely be concluded as a result of the court's ruling on the pending motion." *Todd v. Montoya*, No. CIV 10-0106 JB/RLP, 2011 WL 13286329, at *4 (D.N.M. Jan. 18, 2011).  Here, there is no dispute that, regardless of the outcome of Defendant Grisham's motion to dismiss, the case will move forward against the remaining State Defendants, who have not moved to dismiss the claims against them.  Even if all claims against Defendant Grisham are dismissed without leave to amend—a highly unlikely outcome, as

explained in Plaintiff's opposition to that motion, *see* ECF No. 34—Plaintiff will be able to pursue the same injunctive and declaratory relief and damages for the violations of its constitutional rights from the remaining State Defendants, based on its challenge to NMCD's mail policies, customs and practices. These are not the sort of "'extreme circumstances'" justifying a stay of discovery. *De Baca*, 403 F. Supp. 3d at 1112.[1]

Denying the requested stay of all discovery will not burden Defendants. Although Defendant Grisham points to the alleged burden of responding to Plaintiff's First Set of Requests for Production of Documents, *see* Mot. at 3, these 24 document requests were propounded on all of the State Defendants, and do not seek any documents that are only in Defendant Grisham's possession or control. *See* ECF No. 66-1 ¶ 3, Ex. B at 9-14. Nor

---

[1] None of the cases cited by Defendant Grisham support granting a stay here. In *Martin v. City of Albuquerque*, 219 F. Supp. 3d 1081, 1090-91 (D.N.M. 2015), the court stayed discovery pending the resolution of a dispositive motion on qualified immunity grounds, which was not a basis for Defendant Grisham's motion to dismiss. *See* ECF No. 28. The court noted that when a defendant is entitled to qualified immunity, they are protected from avoidable or overly broad discovery, and that in this case, "the parties have conducted enough discovery that the Court can decide" whether the defendant was entitled to summary judgment without the need for additional discovery to uncover necessary facts to decide the qualified immunity claim. *Id.*

In *Mestas v. CHW Group Inc.*, No. CV 19-792 MV/CG, 2019 WL 5549913, at *1-*2 (D.N.M. Oct. 28, 2019), the court granted a stay of discovery pending a motion to dismiss that sought dismissal of all claims against all defendants with prejudice, and would thus fully dispose of Plaintiff's case. The court emphasized that "four other lawsuits have been filed involving Plaintiff's attorney with nearly identical allegations and each lawsuit was dismissed in the early stages of litigation." *Id.* at *2.

In *Roybal v. United States*, CIV No. 13-610 KG/GBW, 2014 WL 12617288, at *1-*2 (D.N.M. Apr. 9, 2014), the court granted a stay of discovery where the defendant filed a motion to dismiss based on lack of subject matter jurisdiction on the ground that the action was filed outside the applicable statute of limitations, and would thus fully dispose of Plaintiff's case.

are the document requests overbroad or unduly burdensome. They are narrowly focused on the creation and implementation of NMCD's challenged mail policies, and any training, guidance or instruction on those policies; the reasons, rationales, and justifications for the challenged mail policies; documents that would tend to support or undermine those justifications; and evidence of censorship of publications and correspondence mailed to incarcerated persons by Plaintiff. *Id.* Defendant Grisham does not dispute that Plaintiff has not propounded any other discovery on her. *See* Mot. for Stay of Discovery Pending a Ruling on Mot. to Dismiss Def. Grisham ("Mot."), ECF No. 63, at 2-3. As the State Defendants' discovery obligations will not be affected by the resolution of Defendant Grisham's Motion to Dismiss, denying her request to stay all discovery in this matter will not burden her or them in any way, and will have no impact on the "public purse." Mot. at 3-4.

By contrast, staying discovery would undermine Plaintiff's interest in proceeding expeditiously with this action, and would potentially prejudice Plaintiff's ability to do so. Under the Civil Justice Reform Act and the Federal Rules of Civil Procedure, district courts must attempt to secure the "just, speedy, and inexpensive" resolution of civil actions. 28 U.S.C. § 471; Fed. R. Civ. Proc. 1. Yet since Plaintiff commenced this action on October 25, 2024, more than eight months have passed, and Defendants have not yet responded to any discovery. This already significant delay would only grow if the

motion to stay is granted.[2]  *Valtierra*, 2025 WL 754169, at *4 (finding that the passage of nearly seven months without discovery "threatens to become unfairly prejudicial," and that "Plaintiff's interests in proceeding expeditiously and avoiding potential prejudice weigh heavily against a discovery stay at this juncture").

If the requested stay is granted, it is almost certain that Defendants will not be required to respond to Plaintiff's written discovery requests until after Plaintiff's July 31, 2025 deadline to amend the complaint and join additional parties has passed, thereby unfairly prejudicing Plaintiff.  Plaintiff has propounded interrogatories on Defendant Lucero that seek the identities of certain NMCD staff, targeting key individuals who may be appropriate to add as additional defendants:  the people who created NMCD's challenged mail policies, the people whose duties included implementing those policies, and their supervisors.  *See* ECF No. 66-1, ¶ 4, Ex. C at 8-9 (Interrogatories Nos. 1-3, 6).  If discovery is stayed until two weeks after the resolution of Defendant Grisham's Motion to Dismiss, these discovery responses will almost certainly come too late for Plaintiff to identify NMCD staff who should be added as additional defendants.

Plaintiff also intends to conduct depositions of the State Defendants and other key NMCD staff before the close of fact discovery on January 30, 2026.  But Plaintiff requires the information and documents sought in its written discovery requests to

---

[2] Although Defendant Grisham asserts that the delay will be "minimal" because briefing on her motion to dismiss is complete, Mot. at 3, the motion has been fully briefed since April 18, 2025.  ECF No. 60.  The parties do not know whether a ruling is imminent, and there is no reason to presume the duration of the stay would be "minimal."

identify the key witnesses and prepare for those depositions. Granting the requested stay may jeopardize Plaintiff's ability to complete the discovery necessary to prosecute this matter in accordance with the case management deadlines set by the Court. The delay thus potentially prejudices Plaintiff, and may also inconvenience the Court by increasing the likelihood that pretrial deadlines will need to be postponed so that Plaintiff will have sufficient time to complete discovery. *See Walker v. THI of N.M. at Hobbs Ctr.*, No. CIV 09-0060 JB/KMB, 2011 WL 2728326, at *1-*2 (D.N.M. June 28, 2011) (denying motion to stay discovery until pending motions to dismiss are resolved where requested stay might require the court to reschedule case deadlines and "would further delay the case").

The public interest and interests of non-parties also weigh in favor of denying the requested stay. Courts consistently recognize the significant public interest served by "protecting the core First Amendment right of political expression." *Homans v. City of Albuquerque*, 264 F.3d 1240, 1244 (10th Cir. 2001); *see also Herrera v. Santa Fe Public Schools*, 792 F. Supp. 2d 1174, 1199 (D.N.M. 2011) ("Courts have found that '[i]t is always in the public interest to prevent the violation of a party's constitutional rights.'"); *McClendon v. City of Albuquerque*, 272 F. Supp. 2d 1250, 1259 (D.N.M. 2003) ("The public has an interest in [government's] maintenance of prison facilities that provide the minimal conditions of confinement required by the Constitution and federal law."). It is in the public interest and the interest of non-parties to avoid further delays in the prosecution of this action seeking to vindicate the free speech rights of Plaintiff, and to enjoin the NMCD's challenged mail policies that censor Plaintiff and other publishers

who seek to communicate with incarcerated persons through the mail.[3]

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant Grisham's motion to stay all discovery in this matter pending the resolution of her Motion to Dismiss Plaintiff's claims against her.

July 3, 2025                                     ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Benjamin Bien-Kahn*
Ernest Galvan, Cal. Bar No. 196065
Benjamin Bien-Kahn, Cal. Bar No. 267933
Attorneys for HUMAN RIGHTS DEFENSE CENTER
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
* Admitted *Pro Hac Vice*

---

[3] Defendant Grisham also filed this motion without first meeting and conferring with Plaintiff, in violation of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. Proc. 26(c)(1). The State Defendants agreed to a provisional discovery plan and pretrial deadlines that did not contemplate any delay in the commencement of discovery after Defendant Grisham's Motion to Dismiss was already pending, and did not mention the possibility of a stay until one business day before their deadline to respond to Plaintiff's discovery requests. Although Plaintiff would not have agreed to stay all discovery, the parties may have been able to resolve this dispute informally had Defendants first attempted to meet and confer with Plaintiff. *See* Pls.' Opp. to Mot. for 45-Day Extension of Time, ECF No. 66, at 8-9.

        HUMAN RIGHTS DEFENSE CENTER
           Jonathan P. Picard, Fla. Bar No. 105477
           P.O. Box 1151
           Lake Worth, Florida  33460
           Attorneys for HUMAN RIGHTS DEFENSE CENTER
           Telephone: (561) 360-2523
           Facsimile: (561) 828-8166
        \* Admitted *Pro Hac Vice*

        IVES & FLORES P.A.
           Laura Schauer Ives, SB# 12463
           Adam C. Flores, SB# 146686
           Attorneys for HUMAN RIGHTS DEFENSE CENTER
           925 Luna Circle NW
           Albuquerque, New Mexico  87102
           Telephone: (505) 364-3858
           Facsimile: (505) 364-3050

      I hereby certify that on July 3, 2025, I caused the foregoing to be electronically filed via the CM/ECF system which caused service on all counsel of record by electronic means.

                                        */s/ Benjamin Bien-Kahn*
                                        Benjamin Bien-Kahn