IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| **HUMAN RIGHTS DEFENSE CENTER,**<br><br>    Plaintiff,<br><br>vs.<br><br>**MICHELLE LUJAN GRISHAM**, individually and in her capacity as Governor of the State of New Mexico; **ALISHA TAFOYA LUCERO**, individually and in her capacity as Cabinet Secretary of the New Mexico Corrections Department; **MELANIE MARTINEZ**, individually and in her capacity as Deputy Secretary of the New Mexico Corrections Department; **GARY MACIEL**, individually and in his capacity as Deputy Secretary of the New Mexico Corrections Department; **BRIAN R. EVANS**, individually and in his capacity as Chief Executive Officer of The GEO Group, Inc.; **WAYNE H. CALABRESE**, individually and in his capacity as President and Chief Operating Officer of The GEO Group, Inc.; **THE GEO GROUP, INC. d/b/a LEA COUNTY CORRECTIONAL FACILITY**, a corporation; **JOHN AND JANE DOES 1-20**, individually and in their official capacities; and **ENTITIES 1-10**,<br><br>    Defendants. | No. 1:24-cv-01091-SMD-KRS |

### PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff Human Rights Defense Center ("HRDC") hereby respectfully moves this Court for leave to amend its Complaint (ECF No. 1) pursuant to Federal Rule of Civil Procedure 15(a)(2). Since the filing of the Complaint, HRDC has identified one

[4726011.2]

1

additional Entity Defendant and two additional Doe Defendants, and also discovered further pertinent information regarding the original Defendants and HRDC's existing claims. The proposed Amended Complaint is attached as Exhibit A to the Declaration of Benjamin Bien-Kahn in Support of Plaintiff's Unopposed Motion for Leave to File Amended Complaint ("Bien-Kahn Decl."), filed herewith. Counsel for all Defendants state that they do not oppose the filing of the proposed amended complaint.

This Motion is based on the memorandum of points and authorities below and the accompanying Bien-Kahn Declaration and Exhibits.[1]

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

HRDC seeks leave to amend the Complaint and file the Amended Complaint attached as Exhibit A to the Bien-Kahn Declaration in order to make the following changes:

1. Identify previously-unknown Entity Defendant 1, by naming Management & Training Corporation ("MTC"), a private company responsible for operating Otero

---

[1] HRDC anticipates needing to seek leave to amend its complaint again at a future date, as Plaintiff has not yet received the State Defendants' responses to its First Set of Interrogatories, which request the identities of potential additional Doe Defendants involved in the creation and implementation of the challenged mail policies, and their supervisors. The interrogatory responses were due on June 23, 2025, ECF No. 61, but on June 20, 2025, the State Defendants moved for a 45-day extension of time to respond to Plaintiff's first sets of written discovery requests, and Defendant Grisham moved to stay all discovery in this action pending resolution of her motion to dismiss. ECF Nos. 63, 64. Plaintiffs opposed these motions on July 1 and July 3, respectively. ECF Nos. 66, 67.

County Prison Facility ("OCPF"), a New Mexico Corrections Department ("NMCD") prison facility.

2. Identify previously-unknown Doe Defendant 1, by naming SCOTT MARQUARDT, Chief Executive Officer of MTC.

3. Identify previously-unknown Doe Defendant 2, by naming DANIEL MARQUARDT, President of MTC.

4. Add allegations regarding additional soft-cover books and informational brochures HRDC publishes and distributes to incarcerated persons and others, which have been rejected for delivery by the Defendants since the filing of the Complaint.

5. Update allegations regarding the number of instances that HRDC's publications and correspondence to incarcerated persons at Defendants' prisons were mailed but not delivered, and returned to sender, in violation of HRDC's constitutional rights, to include hundreds of instances that occurred after the filing of the Complaint.

6. Update allegations regarding the rationales and reasons provided to HRDC by Defendants for the rejection of its mailings to NMCD incarcerated persons, to include information first provided to HRDC by Defendants after the filing of the Complaint.

7. Update allegations regarding Lea County Correctional Facility ("LCCF"), operated by Defendant The GEO Group, Inc. ("GEO"), to account for information HRDC received that NMCD is no longer housing incarcerated persons at LCCF as of late June 2025.

8. Update allegations to reflect time passed since HRDC originally filed its Complaint.

HRDC and its counsel determined through the diligent review of information postdating the filing of the Complaint that MTC, Scott Marquardt, and Daniel Marquardt are necessary and appropriate Defendants, given newly-discovered instances of unlawful censorship of HRDC's publications and correspondence sent to persons incarcerated at OCPF. HRDC and its counsel has also discovered hundreds of new instances of unlawful censorship at Defendants' prisons since the filing of the Complaint, and information regarding NMCD no longer housing incarcerated persons at LCCF as of late June 2025.

Given the early stage of this litigation, the nature of the proposed amendments, and the lack of any cognizable prejudice to Defendants, leave to amend is proper. HRDC therefore respectfully requests that the Court grant its unopposed motion.

## FACTUAL AND PROCEDURAL BACKGROUND

HRDC brought this action on October 25, 2024 to challenge Defendants' unlawful suppression of its speech without due process, by refusing to deliver books, magazines, and correspondence mailed by HRDC to NMCD incarcerated persons, for reasons not rationally related to any legitimate penological interest. ECF No. 1 (Compl.). At the time of the filing of the Complaint, NMCD had ten adult correctional facilities, eight of which are operated directly by NMCD. *Id.* ¶ 10. Until the end of June 2025, NMCD housed incarcerated persons at two facilities operated by separate private companies: LCCF, which is operated by GEO, and OCPF, which is operated by MTC. *Id.* HRDC and its counsel recently learned that NMCD ended its use of LCCF to house NMCD incarcerated persons on or around June 26, 2025. Bien-Kahn Decl. ¶ 9. According to NMCD's public website, this occurred after GEO notified NMCD in January 2025 that,

later this year, it was terminating its longstanding contract with Lea County, New Mexico for the operation of LCCF.  *See* New Mexico Corrections Department, *Updates on Closure of LCCF*, https://www.cd.nm.gov/updates-on-closure-of-lccf/ (last visited July 11, 2025).

Because HRDC had previously only identified instances of unlawful censorship at NMCD's state-operated facilities and at LCCF, only the State Defendants and the GEO Defendants were named in the Complaint.  Since the Complaint was filed, HRDC has received back hundreds of additional publications and correspondence via the Return to Sender service of the United States Postal Service, which were rejected and not delivered to their intended recipients at NMCD prison facilities, without providing HRDC adequate notice and opportunity to challenge the censorship.  Bien-Kahn Decl. ¶¶ 7-8; *see also id.*, Ex. A (Proposed Amended Complaint) ¶¶ 42-48.  This includes mailings which were sent to incarcerated persons at OCPF, operated by MTC.  Bien-Kahn Decl. ¶ 4; *see also id.*, Ex. A (Proposed Amended Complaint) ¶ 42.  It also includes additional HRDC publications not originally identified in the Complaint, such as the *Prisoners' Guerilla Handbook:  A Guide to Correspondence Programs in the United States and Canada*, which provides information on enrolling at accredited higher educational, vocational and training schools, and *The Habeas Citebook:  Ineffective Assistance of Counsel*, which describes the procedural and substantive complexities of federal habeas corpus litigation.  Bien-Kahn Decl. ¶ 8; *see also id.*, Ex. A (Proposed Amended Complaint) ¶¶ 28, 42.

Like the instances of censorship described by HRDC in its Complaint, these new instances include little information as to why Defendants are refusing to deliver HRDC's

publications and correspondence to the intended recipients.  Bien-Kahn Decl. ¶ 8; *see also id.*, Ex. A (Proposed Amended Complaint) ¶¶ 44-47.  For example, several magazines returned to HRDC by OCPF included instructions to mail them to NMCD's mail digitization vendor, Smart Communications, in Florida, but when HRDC mailed the magazines there, they were once again rejected.  Bien-Kahn Decl. ¶ 8; *see also id.*, Ex. A (Proposed Amended Complaint) ¶ 45.  Through its ongoing factual investigation, HRDC believes that censorship of its publications and correspondence continues at NMCD facilities to the present day.

On October 25, 2024, HRDC also filed a Motion for Preliminary Injunction to enjoin Defendants from continuing to implement its unconstitutional mail policies and practices.  ECF No. 3.  Briefing for that Motion was completed on March 21, 2025.  ECF No. 47.  GEO Defendants Brian R. Evans and Wayne H. Calabrese filed a Motion to Dismiss HRDC's claims against them, and briefing for that Motion was completed on March 13, 2025.  ECF No. 44.  Defendant Governor Michelle Lujan Grisham also filed a Motion to Dismiss the claims against her, and briefing for that Motion was completed on April 18, 2025.  ECF No. 60.  On June 20, 2025, Defendant Grisham filed a Motion for Stay of Discovery pending the Court's ruling on her Motion to Dismiss.  ECF No. 63.  That same day, the State Defendants filed a Motion requesting a 45-day extension to respond to HRDC's written discovery requests.  ECF No. 64.  HRDC opposed these motions on July 1 and 3, 2025.  ECF Nos. 66, 67.  As such, Defendants' Replies in support of these two discovery motions are due on July 15 and 17, 2025, respectively.  *See* D.N.M. L.R. Civ. 7.4(a).  All these motions are currently pending.

Pursuant to D.N.M. L.R.-Civ. 7.1(a), Plaintiff contacted counsel for Defendants regarding whether they concur or oppose HRDC's motion to file an amended complaint. On July 14, 2025, counsel for all Defendants stated that they would not oppose a motion for leave to file the proposed amended complaint. Bien-Kahn Decl. ¶ 10, Ex. C. Should the Court grant leave for Plaintiff to file the amended complaint, Plaintiff is willing to stipulate that the already-fully-briefed Motions to Dismiss by Defendant Grisham and by Defendants Evans and Calabrese should be treated as if they were submitted as to the claims re-asserted against these three defendants in the proposed amended complaint. *Id.* Counsel for Defendants indicated that they would also be amenable to so stipulating. *Id.*

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a Court "should freely give leave [to amend a pleading] when justice so requires." The purpose of the rule is to "provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotation marks omitted). The decision to grant leave to amend a complaint is within the Court's discretion. *Castanon v. Cathey*, 976 F.3d 1136, 1144 (10th Cir. 2020). However, "[r]efusing to leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

# ARGUMENT

Each of HRDC's proposed changes reflected in the proposed amended complaint are proper. First, there will be no prejudice to either the existing or newly-named Defendants. The three new Defendants—MTC, Scott Marquardt, and Daniel Marquardt—are all involved in the operation of OCPF, one of NMCD's prison facilities, and thus are known to and associated with the original Defendants. MTC has been and continues to be responsible for adopting and implementing at OCPF the unconstitutional NMCD mail policies which HRDC challenges in this lawsuit. And the factual allegations concerning new instances of unlawful censorship that occurred after the filing of the Complaint, both at OCPF and at other NMCD prisons, arise out of the same set of operative facts as the allegations and claims pled in the current operative complaint.

Moreover, there is no prejudice to Defendants from HRDC's proposed amendments regarding LCCF no longer housing NMCD incarcerated persons as of late June 2025, eight months after the filing of the original Complaint. This is new information which became known to HRDC and its counsel only very recently. Bien-Kahn Decl. ¶ 9. In addition, this case is still at an early stage of litigation. No discovery other than the initial disclosures has been exchanged by the parties. And none of HRDC's proposed amendments will unfairly interfere with this Court's resolution of the pending motions. Instead, the proposed amendments will ensure that HRDC's claims are decided on the merits by providing a complete and accurate picture of the relevant facts to this case presently known by Plaintiff. *See Minter*, 451 F.3d at 1204. Plaintiff is also willing to stipulate that the already-fully-briefed Motions to Dismiss by Defendant

Grisham and by Defendants Evans and Calabrese should be treated as if they were submitted as to the claims re-asserted against these three defendants in the proposed amended complaint, and counsel for Defendants indicated that were agreeable to this approach to avoid duplicative briefing. Bien-Kahn Decl. ¶ 10, Ex. C.

HRDC also did not unduly delay in seeking its proposed amendments to the complaint, and there is no basis to believe that it is acting in bad faith or with a dilatory motive. HRDC and its counsel did not discover the additional instances of censorship at Defendants' prisons, including censorship at OCPF by the newly-named Defendants, or the brand-new developments concerning GEO and LCCF, until well after the filing of the Complaint. Bien-Kahn Decl. ¶¶ 3-9. Once they learned this information, HRDC's counsel acted promptly and diligently to prepare the proposed amendments, and to seek Defendants' counsel's concurrence to move to file the proposed amended complaint.

Finally, the proposed amendments would not be futile. The newly-named Defendants have violated HRDC's constitutional rights in the same manner as the original Defendants, and the instances of censorship by the newly-named Defendants occurred after the filing of the original Complaint, and well within the statute of limitations. The new instances of censorship by the existing Defendants identified by HRDC also provide additional factual support for HRDC's existing First Amendment and Fourteenth Amendment claims. The new allegations regarding LCCF no longer housing NMCD incarcerated persons serve only to provide clarity on the role of GEO in this litigation. The proposed amendments thus do not raise any additional claims which would be subject to immediate dismissal.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request leave to amend the Complaint, and file the Amended Complaint attached as Exhibit A to the Bien-Kahn Declaration.

July 14, 2025                              ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Benjamin Bien-Kahn*
    Ernest Galvan, Cal. Bar No. 196065
    Benjamin Bien-Kahn, Cal. Bar No. 267933
    Marc J. Shinn-Krantz, Cal. Bar No. 312968
    Attorneys for HUMAN RIGHTS
    DEFENSE CENTER
    101 Mission Street, Sixth Floor
    San Francisco, California 94105-1738
    Telephone: (415) 433-6830
    Facsimile: (415) 433-7104
    * Admitted *Pro Hac Vice*

HUMAN RIGHTS DEFENSE CENTER
    Jonathan P. Picard, Fla. Bar No. 105477
    P.O. Box 1151
    Lake Worth, Florida 33460
    Attorneys for HUMAN RIGHTS DEFENSE
    CENTER
    Telephone: (561) 360-2523
    Facsimile: (561) 828-8166
    * Admitted *Pro Hac Vice*

IVES & FLORES P.A.
    Laura Schauer Ives, SB# 12463
    Adam C. Flores, SB# 146686
    Attorneys for HUMAN RIGHTS DEFENSE
    CENTER
    925 Luna Circle NW
    Albuquerque, New Mexico 87102
    Telephone: (505) 364-3858
    Facsimile: (505) 364-3050

      I hereby certify that on this 14th day of July, 2025, I caused the foregoing to be electronically filed via the CM/ECF system which caused service on all counsel of record by electronic means.

                                              */s/ Benjamin Bien-Kahn*
                                              Benjamin Bien-Kahn