IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HUMAN RIGHTS DEFENSE CENTER,

      Plaintiff,

vs.                                                                                        No. 1:24-cv-01091-SMD-KRS

MICHELLE LUJAN GRISHAM,
individually and in her capacity as Governor
of the State of New Mexico; ALISHA
TAFOYA LUCERO, individually and in
her capacity as Cabinet Secretary of the
New Mexico Corrections Department;
MELANIE MARTINEZ, individually and
in her capacity as Deputy Secretary of the
New Mexico Corrections Department;
GARY MACIEL, individually and in his
capacity as Deputy Secretary of the
New Mexico Corrections Department;
BRIAN R. EVANS, individually and in
his capacity as Chief Executive Officer of
The GEO Group, Inc.; WAYNE H. CALABRESE,
individually and in his capacity as President and
Chief Operating Officer of The GEO Group, Inc.;
THE GEO GROUP, INC. d/b/a LEA COUNTY
CORRECTIONAL FACILITY, a corporation;
JOHN AND JANE DOES 1-20, individually and
in their official capacities; and ENTITIES 1-10,

      Defendants.

**DEFENDANTS LUCERO, MARTINEZ, AND MACIEL'S REPLY IN SUPPORT OF OPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO DISCOVERY**

      COME NOW Defendants Lucero, Martinez, and Maciel, by and through their counsel of record, CARRILLO LAW FIRM, P.C. (Raúl A. Carrillo, Jr.) and hereby file their Reply in Support of the Motion for Extension of Time. In support of their Motion Defendants state as follows:

1

1. On or about June 20, 2025, the Defendants in this matter emailed a proposed motion for 45-day extension of time to respond to discovery to the Plaintiff's counsel in this matter, in order to determine if they opposed or concurred with the relief requested in the motion. *See, Ex. 1 attached hereto.*

2. Within the motion, the reasons for why the extension was requested were detailed for the Plaintiffs. *See, Opposed Motion for Extension of Time [Doc. 64].*

3. Plaintiffs' counsel could see the reasons for requesting the extension of time and were free to comment on them, discuss them, or frankly do anything in response to the emailed motion notifying them of the requested extension. Plaintiff's counsel does not recognize this as an invitation to comment, respond or otherwise confer on the requested relief and chose to oppose. *See, Ex. 1 Response to Email.*

4. Plaintiff is correct that the Defendants stated that they would need a response by the end of the day or they would need to file the motion as opposed. *See, Ex. 1.* In accordance with the Federal Rules of Civil Procedure, the Defendants were required to file any motion requesting an extension before the deadline they were seeking to extend, unless there is a showing of excusable neglect. *See, Fed. R. Civ. P. Rule 6(b)(1)(A)* As such, the Defendants were required to file by the end of the day on June 20, 2025 because Defendants were not making a claim for excusable neglect.

5. Defendants' counsel did not neglect the issue of discovery, rather, the Defendants' counsel was unable to effectively confer on the issue due to the worsening condition of his father's health, for whom he was the primary caregiver. Unfortunately, on June 21, 2025, the day after the email was sent, Defendants' counsel's father passed away.

6. Plaintiff's primary issue in this matter seems to be that the parties did not meet and confer according to his understanding of the requirement of the Federal Rules of Civil Procedure. Defendants maintain that the option to confer was open once the Plaintiff's counsel received the emailed proposed motion requesting the relief. Plaintiff's counsel's response that they oppose the relief requested, did not provide a counter-offer or argument regarding an extension for 21-days, although they offered it in their response now. *See, Response [Doc. 66]*

7. Plaintiff also takes issue with the length of the requested extension. *See, Response [Doc. 66] generally.* Defendant has requested the extension due to the scope and breadth of the requests, as stated in the underlying Motion for Extension. *See, Opposed Motion for Extension [Doc. 63].* Further, the Defendants will object to a number of those requests on the grounds that they are overly broad and unduly burdensome as propounded, further adding to the time needed to identify documents from the vast amount of information maintained by the NMCD.

8. Finally, the Plaintiff argues that it is prejudicial to extend the deadline forty-five (45) days, because it would take the response date past the deadline for the Plaintiff to amend and add parties to this matter. *See, Response [Doc. 66].* Plaintiff have already filed a Motion to Amend the Complaint once to add additional parties with leave to do so from the Defendants. *See, Unopposed Motion for Leave to File Amended Complaint [Doc.69].* Defendants do not oppose extending the deadline to amend the complaint for the limited purpose of adding parties which Plaintiff may identify once it has had time to analyze the responsive documents they seek, but the Defendants will still need time to gather those documents.

Defendants do not believe that there is any significant prejudice to the Plaintiff for granting the requested extension of time. In fact, much of the requested extension has already elapsed during this briefing cycle. Defendants are willing to resolve any prejudice to the Plaintiff by allowing an extended deadline to amend the complaint to include additional parties discovered from the documents responsive to their requests. Plaintiff argues that they could have resolved the dispute informally and Defendants' counsel admits that had his father not been on the eve of his passing and had the deadline to file the motion not been looming, calling to confer on the issue would have been appropriate.

WHEREFORE the Defendant's respectfully request that the Court grant the requested extension of time to submit their responses to discovery in this matter and grant an extension of time to the Plaintiff for amending the complaint to add additional parties identified from those responses, and any other relief the Court deems just and reasonable.

    Respectfully submitted,

    **CARRILLO LAW FIRM, P.C.**

    */s/ Raul A. Carrillo, Jr.*
    Raul A. Carrillo, Jr.
    1001 E. Lohman
    Las Cruces, NM 88001
    (575) 647-3200
    (575) 647-1463 (fax)
    raul@carrillolaw.org
    *Attorney for Defendants Grisham, Lucero, Martinez, and Maciel*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY, that on the 15th of July, 2025, a copy of the foregoing document was sent via the federal CM/ECF filing system to the following:

**ROSEN BIEN GALVAN & GRUNFELD, LLP**
Ernest Galvan, Cal Bar No. 196065
Marc. J. Shinn-Krantz, Cal. Bar No. 312968
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
(415) 433-6830
(415) 433-7104 (fax)

**HUMAN RIGHTS DEFENSE CENTER**
Jonathan P. Picard, Fla. Bar No. 105477
P.O. Box 1151
Lake Worth, Florida 33460
(561) 360-2523
(561) 828-8166 (fax)

**IVES & FLORES, P.A.**
Laura Schauer Ives, SB#12463
Adam C. Flores, SB #146686
925 Luna Circle NW
Albuquerque, NM 87102
(505) 364-3858
(505) 364-3050 (fax)

                                                 */s/ Raúl A. Carrillo, Jr.*
                                                 Raúl A. Carrillo, Jr.