IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HUMAN RIGHTS DEFENSE CENTER,

      Plaintiff,

vs.                                      No. 1:24-cv-01091-SMD-KRS

MICHELLE LUJAN GRISHAM,
individually and in her capacity as Governor
of the State of New Mexico; ALISHA
TAFOYA LUCERO, individually and in
her capacity as Cabinet Secretary of the
New Mexico Corrections Department;
MELANIE MARTINEZ, individually and
in her capacity as Deputy Secretary of the
New Mexico Corrections Department;
GARY MACIEL, individually and in his
capacity as Deputy Secretary of the
New Mexico Corrections Department;
BRIAN R. EVANS, individually and in
his capacity as Chief Executive Officer of
The GEO Group, Inc.; WAYNE H. CALABRESE,
individually and in his capacity as President and
Chief Operating Officer of The GEO Group, Inc.;
THE GEO GROUP, INC. d/b/a LEA COUNTY
CORRECTIONAL FACILITY, a corporation;
JOHN AND JANE DOES 1-20, individually and
in their official capacities; and ENTITIES 1-10,

      Defendants.

**DEFENDANT GRISHAM'S REPLY IN SUPPORT OF OPPOSED MOTION FOR STAY OF DISCOVERY [Doc. 63]**

      COMES NOW Defendant Grisham (hereinafter "Defendant") by and through her counsel of record, CARRILLO LAW FIRM, P.C. (Raúl A. Carrillo, Jr.) and hereby files her Reply in Support of her Opposed Motion for Stay of Discovery [Doc. 63]. In support of her Motion Defendant states as follows:

**CASE HISTORY**

1. The Plaintiff filed this matter on October 25, 2024. *See, Complaint* [Doc. 1]

1

2. Defendant Grisham was served on October 29, 2024. *See, Summons Return* [Doc. 7]

3. This court granted Defendant Grisham extensions to file her Response to the Complaint, and on December 20, 2024, Defendant Grisham filed her Motion to Dismiss. *See,* [Doc. 14, 25, and 28].

4. On January 28, 2025, Plaintiff filed their Response in Opposition to the Motion to Dismiss. *See, Response* [Doc. 34]

5. Defendant Grisham filed her Reply in Support of the Motion to Dismiss on April 18, 2025. *See, Reply* [Doc. 59]

6. Defendant Grisham filed her Notice of Completion of Briefing on April 21, 2025. *See, Notice of Completion* [Doc. 60].

7. The Court has not yet set a hearing date for Defendant Grisham's Motion to Dismiss.

8. On May 22, 2025 Plaintiff served its First Set of Requests for Production on Defendants Grisham, Lucero, Martinez, and Maciel. *See, Certificate of Service* [Doc. 61]

9. On June 20, 2025 the Defendant filed her Opposed Motion to Stay Discovery Pending A Ruling on the Motion to Dismiss Defendant Grisham.

10. On July 3, 2025, the Plaintiff filed its Response in Opposition to the Opposed Motion to Stay Discovery [Doc. 63]. *See, Response* [Doc. 67].

## STANDARD OF REVIEW

"We review the district court's denial of a motion to stay proceedings for abuse of discretion. *Scott v. Roberts*, 975 F.2d 1473, 1475 (10th Cir.1992). We similarly review the district court's decision to deny leave to amend a complaint for abuse of discretion. *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir.1997)." *See, Ben Ezra, Weinstein, and Co., Inc. v. Am. Online Inc.,* 206 F.3d 980, 987 (10th Cir. 2000).

2

## ARGUMENT

Plaintiff articulates a concern that staying the requested discovery, which was served and addressed to all State Defendants, not Defendant Grisham exclusively will unfairly delay this matter, and prejudice the Plaintiffs. Plaintiffs argument is that the State Defendants, other than Defendant Grisham will still be Defendants in this matter and therefore discovery propounded on them should not be stayed. *See, Response in Opposition generally.* Defendant has already filed a separate motion for extension of time (rather than motion to stay) for those discovery requests which were not propounded upon the Defendant Grisham. *See, Motion for Extension [Doc. 64]*. As the Plaintiff will note, there was no request to stay those Interrogatories, because they did not include Defendant Grisham as a responding party. *See, Motion for Extension [Doc. 64]*. The difference in this case, and the reason why a stay is requested, is that the Plaintiff served the Requests for Production upon all the State Defendants, including Defendant Grisham. *See, Motion for Stay [Doc. 63].* Plaintiff's argument that they requested the documents from more than one party, and that those documents are not only in the custody and control of Defendant Grisham are irrelevant here, because it does not abdicate the responsibility of Defendant Grisham to object, oppose, respond, or otherwise answer the requests propounded to her. Whether or not the other State Defendants will continue in this matter, they were included as respondents for these requests which the Defendant is seeking to stay. *See, id.* If the Plaintiff were willing to re-serve the Requests for Production on the State Defendants (excluding Defendant Grisham) the State Defendants would respond as required.

Defendant Grisham disputes the Plaintiff's assertion that she cannot make the required showing of necessity for a stay. As cited by the Plaintiff, "courts 'may consider factors such as: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential

prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interest of persons not parties to the civil litigation; and (5) the public interest.'" *Valtierra*, 2025 WL 754169, at *3.

Defendant Grisham has already argued the reasons for the requested stay including but not limited to the extraordinary burden it would place on her and the State in answering discovery when it is likely the court will grant the pending motion to dismiss. *See, Motion for Stay [Doc. 63]*. As previously argued in the Motion to Dismiss, Defendant Grisham cannot be held liable in this matter, if she was alleged to only have a supervisory role. *See, Motion to Dismiss [Doc. 28]*. Plaintiff cannot meet the burden that will establish Defendant Grisham's liability in this matter because they have not alleged specific actions taken by her which were in violation of the Plaintiff's alleged rights. *See, Complaint [Doc. 1]*. As such there is a greater chance that Defendant Grisham will be dismissed from this matter, and burdening the public purse with an unnecessary defense is contrary to the public interest and is against the interests of persons not parties to the litigation who would bear the cost of responding. It would further convenience the Court in this matter, as the resolution of even partial claims would mean less potential motions practice and discovery issues moving forward, and a more streamlined motions practice can occur following the resolution of this threshold issue.

Plaintiff argues in response that they will be prejudiced by any delay in discovery at this point. Plaintiff states that the Court has already delayed bringing this matter to a hearing, and any further delay, of an unknown time, would be prejudicial to them, *See, Response [Doc. 67] pgs. 8 - 9*. Plaintiff is correct that more than eight (8) months have passed since this case began but fails to include that they did not serve discovery until approximately six (6) of those months had passed. *See, Case History ¶8 above*. Plaintiff's citation to *Valtierra* and any implied seven (7)

4

month deadline for discovery is distinguishable from this case, because the Plaintiff in this matter chose not to serve discovery until six (6) of those months had elapsed. Any alleged prejudice due to this delay, is borne at least in part by the Plaintiff themselves. It is contrary to the spirit of the law to allow a Plaintiff to intentionally delay serving discovery, then cry prejudice when a deadline looms, and insist that a dismissible Defendant be required to answer.

     Plaintiff also argues that any stay is prejudicial to them because it would put the Defendants response time past the July 31, 2025 deadline for the Plaintiff to amend the pleadings to include additional parties. *See, Response [Doc. 67] pg. 9.* Defendants would note that the Plaintiff has already moved to amend the complaint once to add additional parties and Defendants did not oppose. *See, Motion for Leave to Amend [Doc. 69] and Order [Doc. 71].* Defendants would also note that the depositions which the Plaintiff was concerned about rescheduling, and the prejudicial effect thereof, have been re-noticed by the Plaintiffs already for August 22, 25, 26, and 28, 2025. *See, Certificate of Service [Doc. 72].* In their Reply in Support of the Motion for Extension of Time [Doc. 70] Defendants Lucero, Maciel, and Martinez offered to extend the deadline to amend the complaint for the limited purpose of adding individuals identified in their responses to the propounded Interrogatories. *See, Reply [Doc. 70]*. Defendants are likewise willing to propose an extension of time to the discovery period for the limited purpose of taking depositions of any parties which are newly identified in the documents which may be responsive to those requests sent to Defendants Lucero, Maciel, and Martinez.

     WHEREFORE, For the foregoing reasons, and those stated in the underlying Motion for Stay [Doc. 63], the Defendants respectfully request that the Court stay the identified discovery in this matter propounded upon Defendant Grisham, until the resolution of her pending Motion to Dismiss [Doc. 28] and grant any other relief the Court feels appropriate and reasonable.

Respectfully submitted,

**CARRILLO LAW FIRM, P.C.**

 /s/ Raul A. Carrillo, Jr.
Raul A. Carrillo, Jr.
1001 E. Lohman
Las Cruces, NM 88001
(575) 647-3200
(575) 647-1463 (fax)
raul@carrillolaw.org
*Attorney for Defendants Grisham, Lucero, Martinez, and Maciel*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that on the 17th of July, 2025, a copy of the foregoing document was sent via the federal CM/ECF filing system to the following:

**ROSEN BIEN GALVAN & GRUNFELD, LLP**
Ernest Galvan, Cal Bar No. 196065
Marc. J. Shinn-Krantz, Cal. Bar No. 312968
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
(415) 433-6830
(415) 433-7104 (fax)

**HUMAN RIGHTS DEFENSE CENTER**
Jonathan P. Picard, Fla. Bar No. 105477
P.O. Box 1151
Lake Worth, Florida 33460
(561) 360-2523
(561) 828-8166 (fax)

**IVES & FLORES, P.A.**
Laura Schauer Ives, SB#12463
Adam C. Flores, SB #146686
925 Luna Circle NW
Albuquerque, NM 87102
(505) 364-3858
(505) 364-3050 (fax)

 */s/ Raúl A. Carrillo, Jr.*
 Raúl A. Carrillo, Jr.

6