# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

**HUMAN RIGHTS DEFENSE CENTER,**

    Plaintiff,

vs.

**MICHELLE LUJAN GRISHAM**, individually and in her capacity as Governor of the State of New Mexico; **ALISHA TAFOYA LUCERO**, individually and in her capacity as Cabinet Secretary of the New Mexico Corrections Department; **MELANIE MARTINEZ**, individually and in her capacity as Deputy Secretary of the New Mexico Correction Department; **GARY MACIEL**, individually and in his capacity as Deputy Secretary of the New Mexico Correction Department; **BRIAN R. EVANS**, individually and in his capacity as Chief Executive Officer of The GEO Group, Inc.; **WAYNE H. CALABRESE**, individually and in his capacity as President and Chief Operating Officer of The GEO Group, Inc.; **THE GEO GROUP, INC. d/b/a LEA COUNTY CORRECTIONAL FACILITY**, a corporation; **SCOTT MARQUARDT,** individually and in his capacity as Chief Executive Officer of Management & Training Corporation; **DANIEL MARQUARDT**, individually and in his capacity as President of Management & Training Corporation**; MANAGEMENT & TRAINING CORPORATION d/b/a OTERO COUNTY PRISON FACILITY**, a corporation**; JOHN AND JANE DOES 1-20**, individually and in their official capacities; and **ENTITIES 1-10**,

    Defendants.

No. 1:24-cv-01091-SMD-KRS

## ORDER RE: [100] PLAINTIFF'S OPPOSED MOTION TO COMPEL

    This matter is before the Court on Plaintiff's Opposed Motion To Compel State Defendants' Discovery Responses ("Motion") (Doc. 100), filed on September 2, 2025. The State Defendants[1]

---

[1] The State Defendants include Governor Michele Lujan Grisham, Secretary of the New Mexico Corrections Department Alisha Tafoya-Lucero, Deputy Secretary of the New Mexico Corrections Department Melanie Martinez,

filed their response on October 28, 2025 (Doc. 126), and Plaintiff filed its reply on November 12, 2025 (Doc. 129). The Court ordered further briefing on November 17, 2025 (Doc. 131), and supplemental briefs were filed by the State Defendants on December 5, 2025 (Doc. 137), and by Plaintiff on December 10, 2025 (Doc. 138). A telephonic hearing on the Motion was held on December 15, 2025, at which the Court's decision was announced. As stated at the hearing, the Court orders the parties to engage in a meaningful meet-and-confer over Plaintiff's disputed discovery requests according to the terms set forth below.

1. On or before **January 6, 2026**, Plaintiff shall provide the State Defendants with a revised discovery letter, detailing and explaining: (a) what documents Plaintiff has received from the State Defendants to date; (b) which discovery requests (including interrogatories) Plaintiff believes have been fully responded to; (c) which discovery requests in Plaintiff's opinion have not been fully responded to, identifying missing information and/or specific documents Plaintiff believes exist but have not been provided; and (d) which discovery requests, if any, Plaintiff is willing to narrow, along with any proposals Plaintiff has for how specific requests can be narrowed.

2. On or before **January 20, 2026**, the State Defendants shall provide Plaintiff with a letter (a) responding to all of the items listed in Plaintiff's revised discovery letter, and (b) detailing and explaining: (i) what documents the State Defendants have already produced to Plaintiff; (ii) what documents the State Defendants are still searching for and/or anticipate producing; (iii) which discovery requests (including interrogatories) the State Defendants believe have been fully responded to; and (iv) any suggestions the State Defendants have for narrowing specific discovery requests.

---

and Deputy Secretary of the New Mexico Corrections Department Gary Maciel.

2

3. Plaintiff and the State Defendants shall conduct a meet-and-confer on or before **January 30, 2026** to discuss their respective positions concerning the matters addressed in each side's discovery letter. The meet-and-confer must be conducted in person, or, if both Plaintiff and the State Defendants agree, by Zoom. It cannot be conducted by telephone or by email.

4. At least **one week prior to** the meet-and-confer, the State Defendants must provide Plaintiff with a privilege log that complies with Fed. R. Civ. P. 26. At the meet-and-confer, the parties shall discuss and attempt to reach agreement on any issues or disagreements that exist concerning the privilege log provided by the State Defendants.

5. At the meet-and-confer, Plaintiff and the State Defendants must discuss their respective positions about whether either a Special Master or a third-party vendor will be needed to manage Plaintiff's discovery requests and the State Defendants' responses thereto, including whether Plaintiff's discovery requests can be narrowed to the point where neither a Special Master nor a third-party vendor will be necessary. If either Plaintiff or the State Defendants believe one of these options might be necessary, then Plaintiff and the State Defendants shall also discuss their respective positions regarding apportioning or paying for the cost of retaining a Special Master or third-party vendor.

6. If Plaintiff and the State Defendants reach agreement at or immediately following the meet-and-confer on some or all disputes between them concerning Plaintiff's discovery requests, they shall file a joint notice on or before **February 13, 2026** setting forth the specific points of their agreement and any discovery parameters to which they have agreed. If Plaintiff and the State Defendants agree that all issues between them concerning Plaintiff's discovery requests have been resolved, the joint notice shall so state.

7.	If Plaintiff and the State Defendants are unable to reach agreement at or immediately following the meet-and-confer on some or all disputes between them concerning Plaintiff's discovery requests, they shall each file a notice on or before **February 13, 2026** setting forth their disagreements and the discovery parameters to which they cannot agree.

8.	Following the filing of any notice(s) of disputed issues, Plaintiff and the State Defendants are directed to contact Chambers ([Sweazeaproposedtext@nmd.uscourts.gov](mailto:Sweazeaproposedtext@nmd.uscourts.gov)) to schedule an informal discovery conference. Neither Plaintiff nor the State Defendants shall file a motion to compel or motion for protective order until after the Court has engaged with those parties in an attempt to resolve any remaining disputes over Plaintiff's discovery requests without the need for filing formal motions.

9.	In summary, Plaintiff's Opposed Motion To Compel State Defendants' Discovery Responses (Doc. 100) is GRANTED IN PART to the extent that the State Defendants are ordered to engage good faith discussions with Plaintiff concerning Plaintiff's discovery requests as set forth above, and otherwise DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED this 16th day of December, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE