**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

HUMAN RIGHTS DEFENSE CENTER,

    *Plaintiff*,

    v.                           No. 1:24-cv-01091-SMD-KRS

MICHELLE LUJAN GRISHAM, individually
and in her capacity as Governor of the State of
New Mexico; ALISHA TAFOYA LUCERO,
individually and in her capacity as Cabinet
Secretary of the New Mexico Corrections
Department; MELANIE MARTINEZ,
individually and in her capacity as Deputy
Secretary of the New Mexico Correction
Department; GARY MACIEL, individually and
in his capacity as Deputy Secretary of the New
Mexico Correction Department; BRIAN R. EVANS,
 individually and in his capacity as
Chief Executive Officer of The GEO Group, Inc.;
WAYNE H. CALABRESE, individually
and in his capacity as President and
Chief Operating Officer of The GEO Group, Inc.;
THE GEO GROUP, INC. d/b/a LEA COUNTY
CORRECTIONAL FACILITY, a corporation;
SCOTT MARQUARDT, individually and in his
capacity as Chief Executive Officer of
Management & Training Corporation;
DANIEL MARQUARDT, individually and
in his capacity as President of Management & Training
Corporation; MANAGEMENT & TRAINING
CORPORATION d/b/a OTERO COUNTY
PRISON FACILITY, a corporation; JOHN
AND JANE DOES 1-20, individually and in
their official capacities; and ENTITIES 1-10,

    *Defendants*.

## <u>MEMORANDUM ORDER</u>

**THIS MATTER** is before the Court on Defendant Michelle Lujan Grisham's Motion to Dismiss Plaintiff's Claims.  Doc. 28 ("Mot. to Dismiss").  Plaintiff Human Rights Defense Center ("HRDC") filed its response on January 28, 2025.  Doc. 34 ("Pl.'s Resp.").  Defendant filed her reply on April 18, 2025.  Doc 59 ("Def.'s Reply").  The Court also considers the allegations set forth in the First Amended Complaint and the Motion for Preliminary Injunction.  Doc. 76 ("FAC"); Doc. 3.

The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons set forth below, the Motion is **GRANTED**.

## BACKGROUND

The New Mexico Corrections Department ("NMCD") is a cabinet-level agency of the State of New Mexico, organized and existing under New Mexico law.  FAC ¶ 10.  During the period relevant to this action, NMCD oversaw ten correctional facilities in New Mexico.  *Id*.

Plaintiff Human Rights Defense Center ("HRDC") is a non-profit organization whose mission is to provide incarcerated persons with reading materials relevant to constitutional and human rights issues, as well as information concerning access to education.  Doc. 3 at 4.  In furtherance of that mission, HRDC regularly mails magazines, books, and subscription renewal notices to incarcerated individuals housed in correctional facilities nationwide, including the NMCD facilities.  *Id*.

HRDC alleges that NMCD's mail policies are vague and overbroad, and that those policies impose categorical prohibition on certain publications, including HRDC's materials.  Doc. 3 at 16.  According to HRDC, NMCD and its private contractors unconstitutionally censored more than 300 mailings sent by HRDC to incarcerated individuals.  *See id*. at 20.  Specifically, HRDC

challenges a December 29, 2021 memorandum ("Memorandum") that established a blanket ban on all magazines at NMCD facilities. *See* Doc. 3-1 at 8. The Memorandum bears the joint letterhead of Governor Michelle Lujan Grisham and Cabinet Secretary Alisha Tafoya Lucero. *See id*. HRDC contends that the Governor was directly involved in promulgating the challenged policies and is a proper party to this action. *See* Pl.'s Resp. ¶ 2.

Based on these allegations, HRDC brings claims under 42 U.S.C. § 1983 against the Governor of New Mexico, officials of the NMCD (the "NMCD Defendants"), The Geo Group, Inc. ("GEO"), Management & Training Corporation ("MTC"), and various employees of these entities. *See* FAC. In response, the Governor now moves to dismiss the claims brought against her in both her individual and official capacities, arguing that HRDC's allegations fail to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* Mot. to Dismiss at 7.

**LEGAL STANDARD**

**I.      Dismissal for Failure to State a Claim Under Rule 12(b)(6)**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Consequently, a claim that fails to meet this standard must be dismissed. *See Twombly*, 550 U.S. at 570.

The sufficiency of a complaint is a question of law. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In resolving a Rule 12(b)(6) motion, the court must accept all well-pled factual allegations as true, view them in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

3

However, the court is not bound to accept conclusory or unsupported allegations. *See Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989). Furthermore, the court's review is generally confined to the four corners of the pleading. *See Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). The "mere metaphysical possibility" that a plaintiff might prove some set of facts is insufficient; rather, the complaint must provide "reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

## II.    Individual Liability Under 42 U.S.C. § 1983

"Section 1983 does not authorize liability under a theory of *respondeat superior*." *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011). For this reason, the Supreme Court has suggested the term "supervisory liability" is "a misnomer." *Iqbal*, 556 U.S. at 677. "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.*

The plaintiff therefore must show an "affirmative link" between the supervisor and the constitutional violation. *Dodds v. Richardson,* 614 F.3d 1185, 1195 (10th Cir. 2010). This requires more than "a supervisor's mere knowledge of his subordinate's" conduct. *See Iqbal*, 556 U.S. at 677. This notion is embodied in the three elements required to establish a successful § 1983 claim against a defendant based on his or her supervisory responsibilities: (1) personal involvement; (2) causation; and (3) state of mind. *Dodds*, 614 F.3d at 1195; *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013).

### DISCUSSION

## III.    Summary of the Parties' Arguments

In the First Amended Complaint, HRDC asserts 42 U.S.C. § 1983 claims against Governor Lujan Grisham, alleging she violated HRDC's First and Fourteenth Amendment rights as follows:

> Defendant MICHELLE LUJAN GRISHAM is the Governor of STATE OF NEW MEXICO and the Chief Executive of the state government.  As Governor she is obligated under state law to supervise the official conduct of all executive branch officers and to see that all offices are filled and their duties lawfully performed. Defendant LUJAN GRISHAM has the authority to appoint and remove the subordinate defendants named herein.  Governor LUJAN GRISHAM retains the ultimate state authority over the management and operations of NMCD facilities. She is sued in her individual and official capacities.

FAC ¶ 9.

> Not all of NMDC [*sic*]'s written policies, procedures, or practices are available online.  HRDC obtained a memorandum dated December 29, 2021, addressed to "Offender Families" from NMCD, with the subject line "Re: Inmate Mail Changes."  The memorandum is not signed by any individual but is on NMCD letterhead bearing the names of Defendant LUJAN GRISHAM, Governor, and Defendant TAFOYA LUCERO, Cabinet Secretary.

*Id*. ¶ 33.

In sum, HRDC bases Governor Grisham's liability on two primary grounds.  First, HRDC points to her supervisory authority over the state prison system, contending that she oversees facility management and has the power to appoint and remove NMCD officials.  Second, HRDC argues that the Governor was personally involved because the Memorandum detailing a challenged policy was issued under her official letterhead.

HRDC's response to the motion to dismiss further elaborates on the Governor's role but continues to rely on claims of supervisory liability and the Governor's connection to the challenged policy through the use of her letterhead.  In particular, HRDC contends that the Governor is responsible for ensuring that all public offices are filled, and their duties are lawfully performed, and that she has the authority to appoint and remove each of the subordinate NMCD Defendants. *See* Pl.'s Resp. at 6.

Neither the Amended Complaint nor the response alleges the Governor's personal involvement in devising or promulgating the challenged policies, aside from the appearance of her

letterhead on the Memorandum.  Rather than providing additional factual support, HRDC attempts to distinguish the cases cited by the Governor in her motion.  *See* Pl.'s Resp. at 8–12.

The Governor argues that to establish a claim of liability under § 1983, HRDC must demonstrate more than a general supervisory responsibility or a broad duty to uphold the law. Mot. to Dismiss at 8.  Instead, HRDC must plead affirmative acts or specific unconstitutional conduct the Governor personally undertook. *Id*. at 10.  Regarding the Memorandum, the Governor characterizes the use of her letterhead as "unremarkable," noting that it is a form letterhead used by all cabinet-level secretaries.  Def.'s Reply at 4.  She further maintains that the letterhead does not indicate any personal participation in the policy's creation.  *Id*.

**IV.     HRDC Fails to State a Claim for Relief**

> a.  <u>HRDC's Invocation of the Governor's General Supervisory Capacity Fails to Establish Liability Under § 1983.</u>

Even when viewing the factual allegations in the light most favorable to HRDC and drawing all reasonable inferences in its favor, the complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6).

To prevail on a § 1983 claim, "a plaintiff must plead that each Government-official defendant, through his own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 663.  Consistent with the standard of review discussed above, the plaintiff must show an "affirmative link" between the supervisor's conduct and the alleged constitutional violation. *Dodds*, 614 F.3d at 1195.  It is insufficient to allege that a government official's liability stems from a generalized role as chief executive or a broad "obligation to ensure that the laws, including the U.S. Constitution, are faithfully enforced." *See Williams v. Gordon*, No. 24-8067, 2025 WL 1637732, at \*2 (10th Cir. June 10, 2025).  The Tenth Circuit "has explicitly held that *Ex parte*

6

*Young* requires something 'more than a mere general duty to enforce the law.'" *Free Speech Coal., Inc. v. Anderson*, 119 F.4th 732, 739 (10th Cir. 2024).

HRDC's first category of allegations, that the Governor has a duty to supervise executive branch officers and has the authority to appoint or remove NMCD officials, falls squarely within the realm of general supervisory responsibilities that courts have rejected as a basis for § 1983 liability. *See* FAC ¶ 9. While HRDC attempts to address these allegations in more specific language, claiming that the Governor has the "ultimate state authority" over the management and operations of NMCD facilities, these assertions remain mere reiterations of her broad executive duties. *Id.* Such allegations are insufficient to establish the "affirmative link" between the Governor's own conduct and the alleged constitutional violations. *See Dodds*, 614 F.3d at 1195.

HRDC's second category of allegations against the Governor, that the Governor's letterhead appeared on a challenged policy, is more specific than its general supervisory claims, yet it still fails to satisfy the Rule 12(b)(6) plausibility standard. While a letterhead may contribute to a finding of liability if coupled with evidence of personal involvement, such as executive orders, budgetary directives, or records showing the Governor's role in drafting the mail rules, it cannot carry that burden alone. A letterhead, lacking even a signature, does not demonstrate the Governor's knowledge of or direct involvement in the policy's creation. Consequently, this allegation fails to "nudge the claims across the line from conceivable to plausible." *See Duncan v. Hickenlooper*, 631 F. App'x 644, 649–50 (10th Cir. 2015) (holding that "[w]ithout any facts to imply the governor's knowledge," the plaintiff failed to state a claim).

The Supreme Court has held that even if a supervisor knows of a subordinate's alleged misconduct, that knowledge may be insufficient to establish liability under § 1983. *See Iqbal*, 556 U.S. at 677. HRDC's allegations fall short of this threshold; the complaint fails to plead facts

7

suggesting that the Governor has any knowledge of the challenged mail policies, let alone that she participated in their creation or enforcement.

  b. <u>The Authorities Cited by HRDC are Distinguishable.</u>

  HRDC identifies a series of cases where courts declined to dismiss claims against government officials, most notably *Lewis v. New Mexico Dep't of Health*, 94 F. Supp. 2d 1217, 1240 (D.N.M. 2000). In that case, the court denied the Governor's motion to dismiss because the plaintiffs alleged specific, affirmative conduct rather than a generalized supervisory role. For example, the *Lewis* plaintiffs alleged the Governor repeatedly refused to approve budget increases for the specific services at issue, directed subordinates not to plan for growth in those areas, and requested only 40% of the funding proposed by his secretaries. *See id* at 1239. *Lewis* was clear that a governor cannot be held liable if the plaintiff alleges only "general budget and policy recommendations." *Id*. at 1240. Here, HRDC fails to allege any conduct by Governor Grisham that approaches the level of specificity found in *Lewis*.

  HRDC also relies on *Hernandez v. Grisham*, where the court denied the motion to dismiss after finding it could "infer reasonably" that the Governor was responsible for issuing the challenged policy. Pl.'s Resp. at 8; *Hernandez v. Grisham*, 499 F. Supp. 3d 1013, 1057–58 (D.N.M. 2020). However, *Hernandez* drew that inference because the challenged school re-entry plan was inextricably linked to the Governor's official actions. For instance, the Governor's own website featured a press release titled "Governor announces revised emergency public health order," which detailed the challenged plan.[1] Given that the Governor publicly claimed

---

[1] A court may take judicial notice of public records as long as they constitute adjudicative facts under Federal Rules of Evidence 201. The Court takes judicial notice of the August 27, 2020 press release published on the Governor's official website and titled "Governor announces revised emergency public health order." *See* Press Release, Office of the Governor Michelle Lujan Grisham, *Governor announces revised emergency public health order* (Aug. 27, 2020), https://www.governor.state.nm.us/2020/08/27/governor-announces-revised-emergency-public-health-order/.

responsibility for the "revised emergency public health order", her personal involvement in promulgating the school re-entry plan, a component of that order, was self-evident.  In contrast, HRDC here offers no such evidence, such as a press release or public announcement, and relies solely on a letterhead that fails to support a similar inference of personal involvement.

Another Tenth Circuit case, *Fowler v. Stitt*, further illustrates the level of specificity required to maintain a § 1983 claim against a government official.  *See* 104 F.4th 770, 783 (10th Cir. 2024).[2]  In *Fowler*, the court held that the Governor was a proper defendant because the plaintiffs identified an executive order that allegedly set the challenged policy in motion. Moreover, that order was invoked as the source of authority to deny the plaintiffs' applications. Unlike the plaintiffs in *Fowler*, HRDC fails to identify any such record, relying instead on a form letterhead.  *See id*.

HRDC proceeds to distinguish adverse cases and enumerate authorities from other circuits that it contends are favorable to its position.  However, none of the authorities HRDC relies on recognize a claim against a government official based solely on general executive duties or evidence as tenuous as a letterhead.  To the contrary, persuasive authority holds that a governor's involvement cannot be inferred from a "a form letterhead for [a] department that bears his name." *See Bojicic v. DeWine*, 569 F. Supp. 3d 669, 683 (N.D. Ohio 2021), *aff'd*, No. 21-4123, 2022 WL 3585636 (6th Cir. Aug. 22, 2022).

---

[2] Although the Supreme Court recently granted certiorari and vacated the judgment in *Fowler v. Stitt*, 104 F.4th 770 (10th Cir. 2024), *vacated and remanded sub nom. Stitt v. Fowler*, No. 24-94 (June 30, 2025), it did so specifically to require reconsideration in light of *United States v. Skrmetti*, 605 U.S. 495 (2025) regarding Equal Protection claims. The Tenth Circuit's analysis regarding the Governor's personal involvement remains persuasive authority.

## CONCLUSION

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Michelle Lujan Grisham's Motion to Dismiss is **GRANTED**.

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**